I2FOIL, Judge.
In this appeal, appellant challenges the hearing officer’s determination that this worker’s compensation claim, filed more than three years after the accident, did not prescribe. We reverse.
Herman Peeler filed this disputed claim for compensation benefits in the Office of Workers’ Compensation on June 7, 1994. The claim stated that he injured his neck in a work-related accident at his employer’s warehouse on March 31, 1991. Defendant, Georgia Pacific Corporation, asserted that the claim, filed more than three years after the date of the accident, prescribed under La. R.S. 23:1209.
The facts pertinent to the prescription inquiry can be summarized as follows: Mr. Peeler testified that on March 31, 1991, he was operating a forklift at his employer’s plant when another forklift operated by a co-employee rammed his machine from the rear. According to Mr. Peeler, the collision was a “significant” one, tearing the mast off of one of the forklifts. Mr. Peeler stated that during the collision his “neck snapped.” He attested that he first began to feel pain in his neck the evening of the accident, and admitted that the pain was so severe he was awakened from his sleep. He returned to work several days later and saw the Georgia Pacific nurse, complaining of headaches and pain in his neck.
On November 1, 1991, utilizing his private insurance, plaintiff consulted Dr. Joe Morgan, an orthopedic surgeon who treated him in the past for an unrelated injury. He told the doctor he was experiencing neck and back pain, and told him of the March 31,1991 work incident. Dr. Morgan ordered x-rays of his cervical spine, which revealed moderately advanced disc degeneration. He diagnosed Mr. Peeler as suffering from a cervical strain and gave him a cervical traction kit.
In January of 1993, plaintiff saw a neurosurgeon, Dr. Thomas Flynn, complaining of neck pain. In April of 1993, Dr. Flynn or *1066 dered tests which revealed that Mr. Peeler has a ruptured disc in his neck.
|3The parties stipulated that Georgia Pacific paid Mr. Peeler workers’ compensation benefits at the temporary total disability rate from July 19, 1993 through July 31, 1994. Mr. Peeler was terminated by Georgia Pacific for failing to return to work after his release by Dr. Flynn.
La.R.S. 23:1209 A sets forth the prescriptive period governing worker’s compensation claims. It provides:
In the ease of personal injury ... all claims for payments shall be forever barred unless within one year after the accident ... the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in eases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
This section contains for three prescriptive periods for disability benefits. It provides that claims are barred unless filed (1) within one year from the date of the accident; (2) one or three years from the date of the last payment of compensation benefits, depending on the type of benefits paid; and (3) one year from the time the injury develops, if not immediately manifest, but no more than two years after the accident. Lynn v. Berg Mechanical, Inc., 582 So.2d 902, 910 (La.App. 2 Cir.1991)
The hearing officer- found that Mr. Peeler’s claim fell under the third prescriptive category governing actions for “developing disabilities.” She concluded that Mr. Peeler’s disability did not “develop” until January 20, 1993, the date on which he sought “serious medical treatment” from Dr. Flynn. The officer believed that although the claim was filed more than a year after the date on which the injury developed, it was timely filed because it was brought within two years of the date on which the injury developed.
However, even assuming arguendo that Mr. Peeler showed that his disability “developed” on some date other than the accident, it is evident by the ^statutory language itself that in all eases in which a developing injury is asserted, the claim must be brought within two years of the date of the accident, not two years from the date upon which the injury “develops,” in order to be timely. See also Lynn v. Berg Mechanical, Inc., 582 So.2d at 910. Because this claim was filed more than two years after the date of the accident, it is not timely under the third prescriptive period provided for in La.R.S. 23:1209, and the hearing officer committed legal error in ruling otherwise.
Furthermore, although La.R.S. 23:1209 contains a provision governing prescription on a claim where benefits have been paid, that provision is not applicable to the instant claim because the payments were not made within one year following the accident. Therefore, we conclude that under the clear language of La.R.S. 23:1209, Mr. Peeler’s action to recover compensation benefits is prescribed. Because of our ruling on the prescription issue, we pretermit all other issues raised in this appeal.
Based on the foregoing, the judgment appealed from is reversed. Judgment in hereby entered in favor of defendant, Georgia Pacific Corporation, dismissing the suit. All costs of this appeal are assessed to appellee, Herman Peeler.
REVERSED AND RENDERED.