709 So.2d 830 (1998)
Angela THIBODEAUX
v.
PARADIGM INSURANCE COMPANY, et al.
No. 96 CA 0375R.
Court of Appeal of Louisiana, First Circuit.
February 20, 1998.
Rehearing Denied March 24, 1998.
*831 John L. Hammons, Shreveport, for Plaintiff-Appellant Angela Thibodeaux.
Marc W. Judice, Lafayette, for Defendant-Appellee Louisiana Patient's Compensation Fund.
Joel E. Gooch, Lafayette, for Defendant-Appellee Paradigm Insurance Company, et al.
Before CARTER and FITZSIMMONS, JJ., and CHIASSON,[1] J. Pro Tem.
FITZSIMMONS, Judge.
The petitioner sought a declaratory judgment against the Louisiana Patient's Compensation Fund (PCF) on the issue of qualified healthcare coverage pursuant to the Louisiana Medical Malpractice Act. On November 7, 1994, Judge Fleming granted PCF's exceptions of no cause of action, no *832 right of action, improper venue, and prematurity relative to the main demand. A motion for new trial was subsequently granted, and pending, when the parties reached a settlement. On December 22, 1994, Judge Fleming signed an approval of the settlement between Thibodeaux, the health care provider, and Paradigm Insurance Company, which specifically included a reservation of rights against the PCF. At that juncture, Judge Hunter replaced Judge Fleming in division "D" of the Sixteenth Judicial District Court.
The evolution of the case became procedurally entangled because all parties were apparently unaware that the settlement with reservation of rights had been previously judicially approved.[2] The petitioner presented for judgment a basically identical second proposed settlement with a reservation of rights against the PCF; however, various exceptions were filed in response by the PCF. On July 28, 1995, Judge Hunter granted the PCF's exceptions of prematurity, improper venue, no cause of action, and no right of action to the judicial approval because it contained a reservation of rights against the PCF.
An appeal to this court by the petitioner alleged error in the court's ruling that a settlement of less than a full $100,000 is insufficient to trigger the statutory liability of the PCF. The petitioner also appealed the court's refusal to approve a proposed settlement with reservation of right against the PCF. The supreme court vacated and set aside the judgment of the court of appeal affirming the lower court.[3] The matter has been remanded to this forum for reconsideration in light of La. R.S. 40:1299.42(D)(5). The PCF has subsequently filed a motion to dismiss the appeal on the basis of the preexisting court approved settlement, and the appellant's failure to properly appeal the exceptions.

LAW
This court is presented with two conflicting trial level judgments. The PCF has raised the issue of mootness of the current appeal. We recognize that between the parties, transactions of compromise have the legal efficacy of "a force equal to the authority of things adjudged." La. C.C. art. 3078. A valid compromise can thus form the basis of a plea of res judicata. An exception of res judicata cannot be supplied by the court. La. C.C.P. art. 927. However, resolution of this case is mired in a convolution of extreme procedural errors. The confusion has been perpetrated by all concerned, engulfing the court and the litigants. The muddled procedural maze and the fact that the litigants deserve finality in this matter merit a thorough review of the record and guidance by this court. La. C.C.P. art. 2164. While this procedure is unorthodox, it is not an aberration in and of itself. Moreover, it expedites the flow of justice to the parties concerned. To do otherwise would refer the litigants back to a procedural morass. The interest of justice in this extreme case clearly requires that the legal error at the trial court level be addressed. Louisiana Rules of Court, Rule 1-3.
The initial judgment rendered on November 7, 1994 by the trial court constitutes a final judgment. A final judgment may be substantively amended by the trial court only upon the filing and granting of a motion for a new trial. O.M.E.R. S.p.A. v. Vendredi II, 560 So.2d 34, 37 (La.App. 4th Cir.1990). Petitioner properly pursued such a legal remedy at the trial level by filing a motion for a new trial. The motion for new trial was pending at the time Judge Fleming approved a settlement between the parties.
The settlement was approved by the court without a hearing. The Medical Malpractice Act requires a hearing prior to court approval of an agreed settlement in those instances in which the PCF is a party to the transaction. La. R.S. 40:1299.44(C)(3)and(4). However, the monetary amount of the settlement at issue is for a sum that is less than the $100,000 statutory amount that triggers the exposure of the PCF. The PCF is, therefore, not a party to the compromise herein; *833 nor is it required to participate in the settlement proceedings. Although the compromise between the parties sub judice does not comply with the requirements of La. R.S. 40:1299.44, it is valid pursuant to the general civil code articles addressing transactions and compromises. See La. C.C. art. 3071 et sequitur.
Persons may settle any differences they may have that are the subject of litigation or could result in litigation. Perault v. Time Insurance Company, 633 So.2d 263, 267 (La.App. 1st Cir.1993), writs denied, 93-3133, 93-3156 (La.2/11/94); 634 So.2d 833, 834. The trial court was, moreover, acting within its jurisdictional authority when it recognized the compromise confected between the parties after the original judgment on the exceptions. State Through Department of Social Services on Behalf of Harden v. Southern Baptist Hospital, 94-2228, 94-2229 p. 6-7 (La.App. 4th Cir. 10/12/95); 663 So.2d 443 , 448-449, writ denied, 95-2751 (La.1/26/96); 666 So.2d 676.
The court approved compromise constitutes a contract within the parameters of La. C.C. art. 3071. The effect of the compromise agreement is an abrogation of the claim upon which it is predicated. Glazer Steel Corporation v. LaRose Shipyard Inc., 372 So.2d 250, 251 (La.App. 1st Cir. 1979). Any antecedent obligation no longer maintains its separate existence; therefore, the only legal recourse of the parties is to enforce their rights within the context of the compromise agreement. Morehouse Parish Hospital Service District v. Pettit, 25-396 (La.App. 2nd Cir. 1/19/94); 630 So.2d 1338, 1343-1344, writ denied, 94-0449 (La.4/7/94); 635 So.2d 1135. In this instance, the abrogated antecedent obligation was the original judgment on the exceptions, which preceded the compromise.
We find, in the interest of justice, that the trial court was barred from addressing the subsequent pleadings in the record. Those pleadings filed subsequent to the settlement between the plaintiff and Paradigm Insurance Company refer to matters in the case that are reviewable on appeal. La. C.C.P. art.2088. The exceptions on which the court ruled on July 28, 1995 are, accordingly, vacated and set aside.
The trial court's initial approval of the settlement is not in conflict with the statutory provisions of the Louisiana Medical Malpractice Act. Louisiana revised statute 40:1299.44(C)(5) provides that a settlement by an alleged victim of medical malpractice and payment of the sum of $100,000 (the maximum liability of the provider)[4] by a health care provider or its insurer, coextensively establish an admission of malpractice. Graham v. Willis-Knighton Medical Center, 97-0188, p. 15 (La.9/9/97); 699 So.2d 365, 372. Consistent with the supreme court's most recent interpretation of La. R.S. 40:1299.42(B)(3) and La. R.S. 40:1299.44(C)(5), the statutory liability of the PCF for any causally related excess damages, that could be subsequently proven, would be thereupon triggered. Graham, 97-0188 at p. 15; 699 So.2d at 372; Russo v. Vasquez, 94-2407, p. 5 (La.1/17/95); 648 So.2d 879, 882.
The supreme court pronouncements in Graham and Russo were expressly limited to the issue of consequential statutory liability of the PCF; id est, only upon establishing a settlement of $100,000, is the PCF precluded from contesting the health care provider's malpractice liability. Thus, the plaintiff continues to bear the burden of proving that the conceded malpractice was the cause in fact of damages in excess of $100,000. Graham 97-0188 at p. 15; 699 So.2d at 372. Those holdings did not extend so far as to limit or deprive a petitioner, such as the litigant in the instant matter, of a right and/or cause of action against the PCF when the settlement is less than the ceiling sum of $100,000. See, Stuka v. Fleming, 561 So.2d 1371, 1374 n. 8 (La.1990).
Louisiana revised statute article 40:1299.42(D)(5) addresses the situation that confronted the court sub judice:

*834 In the event that a partial settlement is executed between the defendant and/or his insurer with a plaintiff for the sum of one hundred thousand dollars or less, written notice of such settlement shall be sent to the board.[5] Such settlement shall not bar the continuation of the action against the patient's compensation fund for excess sums in which event the court shall reduce any judgment to the plaintiff in the amount of malpractice liability insurance in force as provided for in R.S. 40:1299(B)(2).[6] (Emphasis supplied.) (footnote omitted.)
Thus, in those instances involving a settlement for less than the sum of $100,000, the petitioner is not deprived of a cause or right of action against the PCF; however, the claimant bears the additional burden of proving malpractice liability of the underlying health provider. If the petitioner satisfies the burden of establishing liability on the part of the provider, for damages over and above the amount of the settlement with the base carrier, the PCF's statutory responsibility is limited to those damage amounts exceeding $100,000; it will be credited for all amounts below $100,000, pursuant to La. R.S. 40:1299.42(D)(5).
The extant court approved settlement with a reservation of rights against the Louisiana Patient's Compensation Fund pursuant to La. R.S. 40:1299.42(B)(3), is hereby reinstated. All costs of this appeal are to be borne by the Louisiana Patient's Compensation Fund.
EXCEPTION OF NO CAUSE OF ACTION, EXCEPTION OF NO RIGHT OF ACTION, EXCEPTION OF PREMATURITY, AND EXCEPTION OF IMPROPER VENUE ARE VACATED; COURT APPROVED SETTLEMENT DATED DECEMBER 22, 1994 IS REINSTATED.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] There is no evidence in the record demonstrating that any of the parties was sent a notice of the court approved settlement.
[3] This author dissented. The other members of the panel are not members of this panel.
[4] Louisiana revised statute 40:1299.42(B)(2) states: "A health care provider qualified under this Part is not liable for an amount in excess of one hundred thousand dollars plus interest thereon... for all malpractice claims because of injuries to or death of any one patient."
[5] The Patient's Compensation Fund Oversight Board created in R.S. 40:1299.44(D). See La. R.S. 40:1299.41(A)(5).
[6] See footnote 2.