| ¶ WOODARD, Judge.
This is a dispute over the entitlement to the proceeds of an annuity contract, which the decedent willed to Mrs. Linna Faye Biles Berryhill, but which his employer’s workers’ compensation carrier, Reliance, paid, instead, to Mr. Tilley’s former spouse, Martha Robbins Tilley, now, Mrs. Martha Robbins Valentine. Mrs. Berryhill sued, and the trial court found in her favor. Mrs. Valentine and Reliance appeal. We affirm.
FACTS
On January 6, 1983, Mr. Thomas Alton Tilley sustained a work-related injury while in the course and scope of his employment with Bowman’s Grading (Bowman). Consequently, Reliance Insurance Company (Reliance), Bowman’s workers’ compensation insurer, and Mr. Tilley entered into a compromise settlement, implemented through an annuity contract procured from Union Pacific Life Insurance Company (UPLIC), a Reliance Group holding company. In essence, the settlement called for the implementation of structured payments of $500.00 per month with larger lump-sum amounts distributed at regular intervals. A trial court approved the settlement in a judgment signed on July 5, 1990. That judgment provided, in pertinent part:
The above payments are guaranteed. Shoud (sic) THOMAS TILLEY die during this guaranteed period prior to these payments being made, the remaining payments shall be made to his designated 1 abeneficiary, MARTHA ROBBINS TILLEY, or his estate, as they fall due.
Additionally, a “Receipt and Release” document, signed by Mr. Tilley on July 12, 1990, specifies that:
All future sums and obligations recited in this receipt and release are guaranteed payable to THOMAS TILLEY, his estate, or designated beneficiary. Upon the death of THOMAS TILLEY, his estate, or designated beneficiary shall continue to receive any remaining guaranteed payments pursuant to this agreement, the number of said payments being the difference between the total number of guaranteed payments as provided for in this receipt and release and the number of said payments paid to THOMAS TILLEY before his death, provided however, that the said beneficiary survives THOMAS TILLEY and further provided that written proof of the death of THOMAS TILLEY is furnished to RELIANCE INSURANCE COMPANY, its successors or assigns, otherwise, any guranteed (sic) monthly payments shall be continued, to be paid pursuant to this agreement to the estate of THOMAS TILLEY.
On December 14, 1996, Mr. Tilley died testate, designating Mrs. Linna Faye Biles Berryhill as his successor to the annuity contract. The obligation to administer the annuity was assumed by GE Assurance Company (GEAC). The annuity application, filed on June 25, 1990, lists Reliance as the “owner” of the annuity, “Thomas Tilley” as the payee, and “The Estate of Thomas Tilley” as the primary contingent payee. The space providing for an eventual secondary contingent payee was left blank. The annuity contract also gives the following definitions:
OWNER — All of the rights of ownership and control under this Contract are vested in the Owner, subject to the rights of any assignee of record with us.
[[Image here]]
PAYEE — The payee will receive the Annuity payments. If a separate Payee is not appointed to receive these payments, the Owner will be the payee. The Owner may change the Payee at any time by sending the notice to us.
*11 CONTINGENT PAYEE — If the Payee dies before all payments due under this Contract have been made, the Contingent Payee will become the Payee. If there is no Contingent Payee, the Owner will become the Payee. The Owner may name or change the Contingent Payee at any time by sending Notice to us.
|3The settlement was entered into while Mr. Tilley was married to Mrs. Martha Robbins Tilley. Subsequently, Mr. and Mrs. Tilley obtained a divorce on December 3, 1991. Mr. Tilley was survived by Mr. Keith Tilley and Mr. Kevin Tilley, born from his union with Mrs. Martha Robbins Tilley, and Ms. Connie Tilley Sa-lard and Ms. Stephanie Angel Tilley, issue from an earlier marriage to Mrs. Gilda Jean Thomas Tilley. His last will, dated January 4, 1995, duly probated on January 9, 1997, states, in pertinent part:
I give and bequeath to Linna Faye Biles Berryhill the Five Hundred & No/100 ($500.00) per month I receive from Reliance Insurance Company for the remainder of the years. I give and bequeath to Linna Faye Biles Berryhill one-half 0&) of the lump sums of the insurance policy and for Linna Faye Biles Berryhill to divide the remainder of the money among my four children, Connie Tilley Salard, Stephanie Angel Tilley, Keith Allen Tilley and Kevin Alton Tilley. Of the one-half provided for the children, I hereby give and bequeath to Keith Allen Tilley and Kevin Alton Tilley, two-thirds (%) of the one-half and one-third fié) divided between Connie Renee Salard and Stephanie Angel Til-ley.
(Emphasis added).
On June 5, 1997, Mrs. Berryhill filed a petition for declaratory judgment, citing Mrs. Martha Robbins Tilley and Reliance as defendants and seeking to have the future annuity payments be declared the property of the Succession of Thomas Til-ley, thus, subject to the terms of the will. On September 15, 1997, Mrs. Valentine filed an exception of improper venue which the trial court denied on October 22, 1997. Reliance continued to pay the $500.00 of the annuity contract to Mrs. Valentine until April 7, 1998, at which time it filed a Motion To Deposit Funds into the Registry of the Court, which the trial court granted on April 14, 1998. Trial was held on March 31, 1998. In a judgment signed on August 20, 1998, the trial court held that the annuity payment was subject to Mr. Tilley’s last will. It also held Reliance liable for all payments made to Mrs. Valentine which became due and payable after it had been placed on notice that there was a serious challenge as to the validity of such payments, after June 17, 1997. Mrs. Valentine and Reliance appeal devolutive-iy.
I «ASSIGNMENTS OF ERROR
Mrs. Valentine and Reliance allege that the trial court erred in ruling that the annuity payments owed by Reliance were subject to the provisions of Mr. Tilley’s last will. In addition, Reliance claims that the trial court erred in: (1) awarding Mr. Tilley’s estate with those proceeds from the settlement which came due after June 17, 1997, and (2) assessing it with all costs of court.
LAW
Entitlement to the Annuity ContRact
In essence, Mrs. Valentine alleges that the annuity contract was issued with her as the primary beneficiary and that Mr. Tilley did not properly notify anyone that the primary beneficiary had changed. Thus, the provisions of the Will could not change what was agreed upon in the annuity contract. We find no merit in this argument.
The first issue raised in Mrs. Valentine’s argument is whether she was, in fact, the primary beneficiary under the annuity contract. The application for annuity contained in the annuity contract states:
*12 14. Contingent Payee (Proceeds in the event of death of payee are payable to)
Primary The Estate of Thomas Til-lez
Secondary_
When interpreting contracts, we must determine the parties’ common intent, La. Civ.Code art. 2045, unless the words of the contract are clear and explicit and lead to no absurd consequences. La.Civ.Code art. 2046. Words must be given their general, plain, ordinary, and popular meaning, unless they have acquired a technical meaning. La.Civ.Code art. 2047; Valentine v. Bonneville Ins. Co., 96-1382 (La.3/17/97); 691 So.2d 665; Jones v. Doe, 95-1298 (La.App. 3 Cir. 4/24/96); 673 So.2d 1163. Additionally, La.Civ.Code art. 2050 states that “[e]ach provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole.”
In the instant case, we need not go further than the annuity contract itself to find that Mrs. Valentine’s assertion is factually incorrect. Indeed, it is clear from the plain Land ordinary meaning of the annuity contract that Mr. Tilley’s estate, not Mrs. Valentine, is the primary beneficiary of the annuity plan.
Reliance argues that Mrs. Valentine was designated as the primary beneficiary in the July 5, 1990 judgment. It argues that the judgment should prevail over the annuity contract which is a mere funding tool. It asserts that only a court approved amendment to the July 5 judgment could change the primary beneficiary; thus, Mr. Tilley’s last will was ineffective to change the provisions of the July 5 judgment. We disagree.
In a workers’ compensation case, a compromise settlement is not binding and enforceable until it has been judicially approved. Ryder v. Industrial Const. Co., 616 So.2d 857 (La.App. 3 Cir.), writ denied, 619 So.2d 1068 (La.1998). La.R.S. 23:1272 confers power upon the workers’ compensation judge to approve the conclusion of compromise settlements. See Sanders v. Harrisonburg Nursing Home, 95-114 (La.App. 3 Cir. 5/31/95); 657 So.2d 394, writ denied, 95-1629 (La.10/6/95); 661 So.2d 469. Once the workers’ compensation judge approves a compromise settlement, it may not be set aside except for fraud or misrepresentation made by a party. La.R.S. 23:1272(B). Nevertheless, the scope of the application of a compromise settlement extends only to those matters that relate to the differences on which the transaction arises. La.Civ.Code art. 3073; Condoll v. Johns-Manville Sale Corp., 448 So.2d 169 (La.App. 5 Cir.1984).
In the case sub judice, it is not disputed that the differences which the settlement intended to resolve pertained to Mr. Til-ley’s claim under the Workers’ Compensation Act and not to the issue of the identity of the annuities’ primary beneficiary. Reliance stated that it has no interest in who will eventually become the beneficiary under the annuity contract. Thus, that issue should be determined under the contract and the will. In the instant case, the annuity contract refers to Mr. Tilley’s estate, and the will specifies Mrs. Berryhill as Mr. Tilley’s successor to the annuity contract. Therefore, we affirm the trial court’s decision.
Liability for the Proceeds Due after June 17,1997
Reliance argues that the trial court erred in finding it liable for the proceeds which became due under the annuity contract after June 17, 1997, because its payments |fito Mrs. Valentine were made consistent to the compromise settlement approved by the workers’ compensation judge.
While it found Reliance liable, the trial court stated:
Reliance takes the position that it relied on the judgment and should not have to pay twice. Both arguments are plausible and in good faith. Mr. Tilley died on December 14, 1996 and Reliance paid Martha Tilley Valentine in accordance with the judgment and in good faith. However, on June 17, 1997 Reliance was *13 served with a petition raising the issue the court has dealt with herein. This did, or should have, put them on notice that serious competing claims existed. Reliance was not without a remedy. It could have deposited the funds into the registry of the court, or withheld payment altogether, pending the outcome of this litigation, or even invoked a concursus. Instead, Reliance continued to pay Martha Tilley Valentine and therefore its obligation to Mr. Tilley’s estate remains unsatisfied. For the above and foregoing reasons the court finds that Reliance owes Mr. Tilley’s legatees all those sums which came due after June 17, 1997.
(Emphasis added).
Whether Reliance was justified in paying Mrs. Valentine instead of placing the funds into the registry of the court, withholding payment pending the outcome of the litigation, or invoking a concursus, is a question of fact. We may not overturn the trial court’s factual determinations, absent finding that it is manifestly erroneous or clearly wrong. Stobart v. State, Through DOTD, 617 So.2d 880 (La.1993). From our review of the entire record, we find no manifest error in the trial court’s decision; thus, we affirm.
Court Costs
Reliance asserts that the trial court erred in assessing it with court costs, when it merely carried out the terms of a court approved settlement.
Under La.Code Civ.P. art. 1920, “the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable.” In Cajun Elec. Power Co-op. v. Owens-Corning Fiberglass Corp., 616 So.2d 645 (La.1993) the supreme court stated that, pursuant to Article 1920, courts have great discretion in assessing court costs. We shall not reverse on appeal a trial court’s decision to cast a party with court costs, absent a showing of an abuse of discretion. Hollingsworth v. Bowers, 96-257 (La.App. 3 Cir. 12/30/96); 690 So.2d 825.
17Finding no abuse of discretion, we affirm.
CONCLUSION
For the aforementioned reasons, the trial court’s decision is affirmed. Costs of this appeal are assessed to the appellants.
AFFIRMED.