761 So.2d 564 (1999)
James T. DAISEY
v.
TIME WARNER.
No. 98 CA 2199.
Court of Appeal of Louisiana, First Circuit.
November 5, 1999.
*565 Kenneth R. Fabre, Baton Rouge, Counsel for Plaintiff/Appellant James T. Daisey.
Kirk L. Landry, Steven C. Judice, Baton Rouge, Counsel for Defendant/Appellee TWI Cable, Inc. (Time Warner).
Before: SHORTESS, PARRO, and KUHN, JJ.
KUHN, J.
This appeal arises out of a claim for workers' compensation benefits. Claimant, James T. Daisey,[1] appeals a ruling of the Office of Workers' Compensation Administration(OWC) sustaining the peremptory exception raising the objection of prescription filed by defendants, TWI Cable, Inc., claimant's employer; and its insurer, Continental Insurance Company.[2] We affirm.

*566 I. FACTS AND PROCEDURAL BACKGROUND
Daisey filed a disputed claim for compensation on September 19, 1997, alleging that the dispute arose out of defendants' refusal to pay indemnity benefits or medical expenses associated with an October 3, 1996 medical problem. He asserted the 1996 problem was related to a previous work-related accident which occurred on November 14, 1989, while working as a service man for TWI Cable, Inc. He stated he "hit his elbow against a wire holder, [and] was shocked up and down his arm." Afterwards, he "immediately experienced weakness [and] pain in [his] left hand, arm and shoulder" and was "[u]nable to hold things." Daisey further asserted that he was "treated by doctors through 1992." He states that on August 4, 1992, one of his doctors wrote a letter addressed to the workers' compensation adjuster, wherein the doctor "recommended a repeat EMG to address numbness of the hand and persistent shocks shooting into the arm ...." Daisey claims nothing was done in response to this letter. He states further that on October 3, 1996, he began to experience pain again in his shoulder and elbow. He asserts he recently underwent surgery and "was made aware of the August 4, 1992 letter ... to the workers comp. carrier."
In response to Daisey's claim, the defendants filed an exception of prescription. During the hearing on the exception, counsel for claimant acknowledged that claimant's original accident took place in 1989 and that the last workers' compensation benefits Daisey had received were paid by defendants in August of 1992.[3] The OWC ruling sustained the exception and dismissed Daisey's claim with prejudice.
Claimant has appealed, urging that the OWC erred in granting the exception of prescription. He contends that even if the claim appears to have prescribed on its face, prescription was interrupted as a result of his developing injury. He asserts that under the doctrine of contra non valentem, prescription was interrupted as a result of his employer's action of withholding medical treatment. Defendants have answered the appeal claiming they are entitled to damages for the frivolous appeal.

II. ANALYSIS

A. Prescription
La. R.S. 23:1209 A provides three prescriptive periods for the filing of compensation claims: (1) one year from the accident when the injury is immediately manifest; (2) one year from the last payment of compensation benefits (three years for supplemental earnings benefits); and (3) one year from the time the injury develops, but not more than two years from the accident, when the injury does not result at the time of or develop immediately after the accident.[4]Peeler v. Georgia-Pacific *567 Corp., 96-1423, p. 3 (La.App. 1st Cir. 6/20/97), 696 So.2d 1064, 1066; Lynn v. Berg Mechanical, Inc., 582 So.2d 902, 910 (La.App. 2d Cir.1991). A claim which falls under the third period is commonly referred to as a "developing injury." Smith v. Fruehauf Trailer Operations, 27,864 (La.App.2d Cir.1/24/96), 666 So.2d 1246, 1249.[5]
Additionally, Section 1209 C provides that a claim for medical benefits prescribes one year from the date of the accident unless payments have been agreed upon. Where payments have been made, the claim prescribes three years from the date of the last payment of medical benefits.
The purpose of the two-year prescriptive period of La. R.S. 23:1209 A, addressing injuries which do not manifest themselves immediately after an accident, is to prevent an employee who suffers an accident with no apparent resulting injury from coming into court over two years later to claim injury. The legislature has deemed these cases as too suspect to come within the purview of the workers' compensation law. Lester v. Rebel Crane and Service Co., 393 So.2d 674, 676 (La.1981).
The two-year provision of La. R.S. 23:1209 A has been classified as prescriptive rather than peremptive, and, as such, may be interrupted or suspended. La. C.C. arts. 3461, 3462-72; see Lester v. Rebel Crane and Service Co., 393 So.2d at 676 n. 2; Latino v. Binswanger Glass Co., 532 So.2d 960, 962 (La.App. 5th Cir. 1988). Prescription is interrupted by the filing of suit or the acknowledgment of the right of the person against whom prescription has commenced. La. C.C. arts. 3462 and 3464. When interruption occurs, the time that has previously run is not counted and prescription commences to run anew from the last day of interruption. La. C.C. art. 3466.
A claimant may prove interruption by acknowledgment by showing his employer lulled him into a false sense of security and thereby induced him to withhold filing suit. To prove he was lulled into a false sense of security, a claimant must show that words, actions or inaction on the part of the employer or insurer induced him to withhold suit until his claim prescribed. Lynn v. Berg Mechanical, Inc., 582 So.2d at 910.
If the facts alleged in a petition do not show that a claim has prescribed, the burden is on the party raising the objection of prescription to prove the facts to support the objection. Tranum v. Hebert, 581 So.2d 1023, 1030 (La.App. 1st Cir.), writ denied, 584 So.2d 1169 (La. 1991). However, if on the face of the petition it appears the claim is prescribed, the burden shifts to the claimant to prove a suspension or interruption of the prescriptive period. Younger v. Marshall Industries, Inc., 618 So.2d 866, 869 (La.1993). At the trial of a peremptory exception, "evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." La. C.C.P. art. 931. Generally, in the absence of evidence, the objection of prescription must be decided upon the facts alleged in the petition, and all allegations thereof are accepted as true. Our Lady of the Lake Hospital v. Vanner, 95-0754, p. 3 (La.App. 1st Cir.12/15/95), 669 So.2d 463, 464, cert. denied, 525 U.S. 818, 119 S.Ct. 57, 142 L.Ed.2d 45 (1998).
Daisey's claim was filed almost eight years after his work-related accident. While the disputed claim form does not clearly establish the date on which the last workers' compensation benefit was paid, claimant acknowledges that no compensation benefits have been paid since August of 1992. Thus, Daisey's claim for weekly indemnity benefits appears to have *568 prescribed during August of 1993, one year after the date of the last payment of such benefits. Even if Daisey's injury were classified as a developing injury, his claim was not filed within two years of the date of the accident. Thus, the classification as a developing injury would not benefit him. A claim for medical expenses appears to have prescribed as of August of 1995. Since Daisey's claim for either weekly indemnity benefits or medical expenses appears to be prescribed, he bears the burden of showing that prescription was interrupted or suspended.
Relying on the jurisprudential doctrine of contra non valentem, claimant urges that prescription was suspended between August of 1992 and October of 1996 as a result of his employer's withholding of medical information. He claims he was lulled into believing he required no further medical treatment. He states he returned to work in good faith, only to have his injury develop into a continuing problem arising out of the initial injury.
The principle of contra non valentem prevents the running of prescription where: (1) legal cause has prevented courts or its officers from acting on or taking cognizance of plaintiffs action; (2) a condition coupled with a contract or connected with a proceeding has prevented the creditor from acting; (3) an act of the debtor has effectively prevented a creditor from availing itself of his cause of action; or (4) a cause of action is neither known nor knowable by plaintiff even though plaintiffs ignorance is not induced by defendant. Brunett v. Department of Wildlife and Fisheries, 96-0535, 96-0536, p. 6 (La.App. 1st Cir.12/20/96), 685 So.2d 618, 621, writ denied, 97-0186 (La.3/14/97), 689 So.2d 1385; Zidan v. USAA Property and Cas. Ins. Co., 622 So.2d 265, 267 (La.App. 1st Cir.), writ denied, 629 So.2d 1138 (La. 1993).
Accordingly, claimant urges application of the third category of these contra non valentem principles. However, at the hearing on the peremptory exception, claimant failed to introduce any evidence to support the application of contra non valentem. Therefore, we may only consider the facts set forth in the disputed claim form. The pertinent allegations are as follows:
[Claimant] was treated by Doctors through 1992. August 4, 1992, Dr. Gold recommended a repeat EMG to address numbness of the hand and persistent shocks shooting into the arm by letter written to the worker comp adjuster. Nothing was done. 10-3-96 claimant began to have pain again in his shoulder and elbow. Recently, he had to have surgery and was made aware of the August 4, 1992 letter of Dr. Gold to the workers comp. carrier.
These facts do not warrant the application of the doctrine of contra non valentem. Claimant has failed to present any evidence establishing that the defendants deliberately withheld information from claimant or refused to authorize medical testing during 1992. Moreover, there is no evidence or even allegations to suggest that the defendants prevented claimant from seeking further medical treatment with Dr. Gold or any other physician. Additionally, claimant has not established that defendants took any action to prevent claimant from contacting Dr. Gold regarding his diagnosis or medical recommendations. In short, claimant has failed to establish that his lack of knowledge regarding his medical condition resulted from anything other than his own inaction.
Since we find that the doctrine of contra non valentem is not applicable to the facts as asserted by claimant, we conclude that his claim for workers' compensation benefits relating to the 1989 accident has prescribed.

B. Frivolous Appeal
In answering claimant's appeal, defendants contend that this appeal is frivolous. The imposition of damages for a frivolous appeal is regulated by La. C.C.P. art 2164. The courts have been very reluctant *569 to grant damages under this article as it is penal in nature and must be strictly construed. Guarantee Systems Const. & Restoration, Inc. v. Anthony, 97-1877, p. 13 (La.App. 1st Cir.9/25/98), 728 So.2d 398, 405, writ denied, 98-2701 (La.12/18/98), 734 So.2d 636. Although a successful appeal is by definition non-frivolous, the converse is not true because appeals are favored. See Hellpenstell v. Bonnabel Hospital, 523 So.2d 887, 891 (La. App. 4th Cir.), writ denied, 531 So.2d 282 (La.1988), citing Sherman v. B & G Crane Service, 455 So.2d 1275, 1278 (La.App. 4th Cir.1984). In order to assess damages for a frivolous appeal, it must appear that the appeal was taken solely for delay or that appealing counsel does not sincerely believe in the view of law he advocates. Guarantee Systems Const. & Restoration, Inc. v. Anthony, 97-1877 at p. 13, 728 So.2d at 405.
Even though claimant's arguments failed to persuade this court, we conclude the arguments made by claimant were not brought in bad faith solely for purposes of harassment or delay. We cannot say that counsel did not sincerely believe in the position he advocates. Therefore, damages for frivolous appeal are not warranted.

III. CONCLUSION
For the above reasons, the ruling of the OWC sustaining the peremptory exception raising the objection of prescription filed by defendants, TWI Cable, Inc. and Continental Insurance Company is affirmed. The defendants' request for damages for frivolous appeal is denied. Costs of the appeal are to be paid by claimant, James T. Daisey.
AFFIRMED.
NOTES
[1] In the record, claimant is referred to as both Daisey and Daisy.
[2] Claimant identifies his employer as Time Warner and its insurer as Continental Loss Adjusting in the disputed claim for compensation form. However, TWI Cable, Inc. and Continental Insurance Company are the entities which filed the exception of prescription. According to representations made during the August 13, 1998 hearing of the exception, Time Warner had recently acquired TWI Cable, Inc. For purposes of this appeal, we will refer to the defendants as they identified themselves in the pleading raising the exception.
[3] During the hearing, claimant's counsel represented that claimant had been reinjured upon returning to work after having surgery. He acknowledged this was a separate issue unrelated to the issue being addressed during the hearing and stated that claimant intended to file another disputed claim form.
[4] La. R.S. 23:1209 A states:

In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed.... Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R .S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits.... Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
[5] Additionally, Section 1209 C provides that a claim for medical benefits prescribes one year from the date of the accident unless payments have been agreed upon. Where payments have been made, the claim prescribes three years from the date of the last payment of medical benefits.