906 So.2d 605 (2005)
Robert G. PIERCE
v.
FOSTER WHEELER CONSTRUCTORS, INC., Daniel J. Boothe, Johnny Cowart & William Cowart.
No. 2004 CA 0333.
Court of Appeal of Louisiana, First Circuit.
February 16, 2005.
Writ Denied April 29, 2005.
*607 Michael L. Hebert, Baton Rouge, for Plaintiff/Appellant, Robert G. Pierce.
M. Shane Craighead, Monroe, for Defendant/Appellee, Foster Wheeler Constructors, Inc.
Before: WHIPPLE, DOWNING and HUGHES, JJ.
WHIPPLE, J.
Plaintiff, Robert Pierce, appeals the trial court's judgment, maintaining the peremptory exception raising the objection of prescription filed by defendant, Foster Wheeler Constructors, Inc. (Foster Wheeler). For the following reasons, we reverse.

FACTS AND PROCEDURAL HISTORY
On February 4, 2002, Pierce filed a disputed claim for workers' compensation benefits, in the Office of Workers' Compensation alleging that he had been injured on May 7, 2001, while working for Foster Wheeler at the Georgia-Pacific plant and seeking additional benefits. Foster Wheeler filed an answer to the claim, admitting that Pierce had been injured in the course and scope of his employment with Foster Wheeler, but denying his entitlement to any further benefits. Prior to trial of the matter, the parties settled the dispute and filed a motion to dismiss the suit. Accordingly, by order dated October 28, 2002, the workers' compensation judge ordered that Pierce's workers' compensation claim be dismissed without prejudice.
Thereafter, on December 13, 2002, Pierce instituted the present suit for damages allegedly sustained as a result of the May 7, 2001 work injury. In his petition, Pierce contended that he was injured on May 7, 2001 due to the intentional and deliberate acts of his co-employees, Daniel Boothe, Johnny Cowart and William Cowart, who had set off a "pipe bomb" at the work site. Pierce averred that Foster Wheeler was liable for the actions of his co-employees under the theory of respondeat superior. He further contended that the actions of Boothe, Cowart and Cowart were intentional within the meaning of LSA-R.S. 23:1032(B), thus exempting his claim from the exclusivity provisions of the Workers' Compensation Act. Additionally, Pierce averred that he had filed a claim for workers' compensation benefits on February 4, 2002, which had interrupted prescription against all solidary obligors.
Thereafter, Foster Wheeler filed a peremptory exception raising the objection of prescription, contending that because the previously filed workers' compensation claim had been voluntarily dismissed pursuant to LSA-C.C. art. 3463, prescription was never interrupted. Accordingly, Foster Wheeler contended that the present suit, filed more that one year after the accident, was untimely.
Following a hearing on the matter, the trial court maintained the exception of prescription and dismissed Pierce's claims against Foster Wheeler with prejudice. From this judgment, Pierce appeals.

DISCUSSION
The issue presented herein is whether Pierce's tort suit against Foster Wheeler is barred by liberative prescription. Liberative prescription is a mode of barring actions as a result of inaction for a period of time. LSA-C.C. art. 3447. If the facts alleged in the petition do not show that the claim has prescribed, the burden is on the party raising the objection of prescription to prove the facts to support the objection. However, if on the face of the petition it appears that prescription has run, the burden shifts to the *608 plaintiff to prove a suspension or interruption of the prescriptive period. Daisey v. Time Warner, 98-2199, p. 5 (La.App. 1st Cir.11/5/99), 761 So.2d 564, 567.
At the trial of a peremptory exception, "evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." LSA-C.C.P. art. 931; Daisey, 98-2199 at p. 5, 761 So.2d at 567. When evidence is introduced and evaluated, the trial court is not bound to accept as true the allegations of the petition, and an appellate court must review the entire record to determine whether the trial court manifestly erred in its factual conclusions. Krolick v. State Through Department of Health and Human Resources, 99-2622, p. 4 (La.App. 1st Cir.9/22/00), 790 So.2d 21, 24, writ denied, XXXX-XXXX (La.2/9/01), 785 So.2d 829.
Pursuant to LSA-C.C. art. 3492, a tort action is subject to a prescriptive period of one year from the date the injury or damage is sustained. Doyle v. Mitsubishi Motor Sales of America, Inc., 99-0459, 99-0460, p. 5 (La.App. 1st Cir.3/31/00), 764 So.2d 1041, 1044, writ denied, XXXX-XXXX (La.6/16/00), 765 So.2d 338. However, a suit against one joint tortfeasor will interrupt prescription as to other joint tortfeasors, LSA-C.C. art. 2324(C), and the same rule applies with respect to solidary obligors. LSA-C.C. arts. 1799, 3503. Similarly, prescription on a tort action by an employee against an employer is interrupted by the filing of a prior workers' compensation action where both actions are based on the same occurrence. Isaac v. Lathan, 2001-2639, pp. 4-5 (La.App. 1st Cir.11/8/02), 836 So.2d 191, 194-195. The interruption of prescription by the filing of suit in a court of competent jurisdiction within the prescriptive period continues as long as the suit is pending. LSA-C.C. art. 3463.
In the instant matter, although Pierce's tort claim was filed more than one year after his injury, he alleged in his petition that he had timely instituted a claim for workers' compensation benefits against Foster Wheeler, which, consequently, had interrupted prescription as to this tort claim. However, in support of its exception of prescription, Foster Wheeler offered evidence to establish that, pursuant to a settlement between the parties, Pierce's workers' compensation claim had been dismissed without prejudice prior to trial and prior to the filing of the instant tort suit. Thus, it contended that prescription as to this action was never interrupted.
Louisiana Civil Code article 3463 provides that interruption of prescription resulting from the filing of suit "is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at trial." Foster Wheeler contends that the joint motion for dismissal of the workers' compensation claim constitutes a "voluntary dismissal" of that claim and, accordingly, that prescription as to Pierce's tort claim was never interrupted by the filing of the workers' compensation claim. Pierce, on the other hand, contends that a dismissal does not constitute a "voluntary dismissal" unless it occurs "prior to resolution of the issues." Thus, he argues, because the dismissal of his workers' compensation claim was the result of a compromise or settlement involving a "resolution of the issues" between the parties, the dismissal was not a "voluntary dismissal" within the meaning of LSA-C.C. art. 3463. Accordingly, the issue before us is narrowed to an interpretation of the term "voluntary dismissal" *609 as used in LSA-C.C. art. 3463 and whether the judgment of dismissal in the workers' compensation proceeding constituted a "voluntary dismissal."
Prior to amendment in 1999, LSA-C.C. art. 3463 provided that interruption of prescription by the filing of suit was "considered to have never occurred if the plaintiff... voluntarily dismiss[ed] ... the suit." LSA-C.C. art. 3463 (prior to amendment by Acts 1999, No. 1263, § 2, eff. 1/1/00). In interpreting the phrase "voluntarily dismisses," the jurisprudence consistently held that a dismissal subsequent to the general appearance of the defendant did not constitute a voluntary dismissal within the meaning of LSA-C.C. art. 3463 and, accordingly, that prescription was interrupted and began to run anew after the order of dismissal was rendered.[1]See Roger v. Estate of Moulton, 513 So.2d 1126, 1133 (La.1987); Hebert v. Cournoyer Oldsmobile-Cadillac GMC, Inc., 419 So.2d 878, 880-881 (La.1982)(interpreting prior LSA-C.C. art. 3519); Provident Life and Accident Insurance Company v. Turner, 582 So.2d 250, 257 (La.App. 1st Cir.1991); and Adams v. Dupree, 94-2353, p. 8 (La. App. 4th Cir.10/12/95), 663 So.2d 433, 437, writ denied, 95-2750 (La.1/26/96), 666 So.2d 676.
However, in 1999, the Legislature amended LSA-C.C. art. 3463 to specifically provide that interruption of prescription by the filing of suit is "considered to have never occurred if the plaintiff ... voluntarily dismisses at any time either before the defendant has made any appearance of record or thereafter." (Emphasis added). LSA-C.C. art. 3463 (as amended by Acts 1999, No. 1262, § 2). The amendment clearly overrules prior jurisprudence that held that a dismissal after a general appearance by the defendant did not constitute a "voluntary dismissal" within the meaning of this article.
Nonetheless, our inquiry does not end there. In the instant case, Pierce argues that the dismissal of his workers' compensation claim was not "voluntary," because it did not occur prior to a resolution of the issues. Rather, he argues, where a dismissal is the result of a compromise or settlement, the dismissal involves a resolution of the issues and, accordingly, is not truly a "voluntary dismissal" within the meaning of LSA-C.C. art. 3463. We agree.
Louisiana Civil Code article 3071 provides that a "transaction or compromise" is an agreement between two or more persons, who, for preventing or putting an end to a lawsuit, adjust their difference by mutual consent. The workers' compensation judgment at issue in this matter resulted from a transaction or compromise between Pierce and Foster Wheeler.[2] Moreover, LSA-C.C. art. 3078 provides that transactions have, between the interested parties, "a force equal to the authority of things adjudged." (Emphasis *610 added). Rivett v. State Farm Fire and Cas. Co., 508 So.2d 1356, 1359 (La. 1987).[3]
In the instant case, the parties to the compromise agreement in the workers' compensation matter set forth the terms of the settlement in their joint motion to dismiss, i.e., that Pierce would be paid $1,164.00 in indemnity benefits, together with penalties and attorney's fees. Upon consideration of the motion, the workers' compensation judge signed the order of dismissal contained on the same page as the motion.
Considering these facts and the above-stated precepts of law, we conclude that the judgment of dismissal on the basis of the transaction or compromise between the parties herein, which had the force and effect of a final judgment on the merits, LSA-C.C. art. 3078, does not constitute a "voluntary dismissal" within the meaning of LSA-C.C. art. 3463. Rather, we conclude that Pierce did not dismiss the action, but resolved it by the transaction or compromise. The dismissal that was entered into the record simply cleaned up the record and disposed of any incidental matters, thereby allowing it to be closed.
Accordingly, the normal rule of interruption of prescription applies under LSA C.C. art. 3466. If prescription is interrupted, prescription begins to run anew from the last day of interruption. Jones v. Department of Transportation and Development, State of Louisiana, 94-1908, p. 3 (La.App. 1st Cir.6/30/95), 659 So.2d 818, 819-820. As stated above, Pierce filed the disputed workers' compensation claim on February 4, 2002. At some time thereafter, the parties reached a transaction or compromise, which was effectively approved by the workers' compensation judge upon his signing of the October 28, 2002 order of dismissal. Therefore, Pierce's prescriptive period began to run anew on the date the transaction or compromise was perfected. For these reasons, we conclude that the petition for damages in this matter, filed on December 13, 2002, was timely, and the trial court erred in maintaining Foster Wheeler's exception of prescription.

CONCLUSION
For the above and foregoing reasons, the December 3, 2003 judgment of the trial court maintaining Foster Wheeler's exception of prescription and dismissing Pierce's claims against it with prejudice, is reversed. This matter is remanded for further proceedings consistent with the views expressed herein. Costs of this appeal are assessed against defendant, Foster Wheeler Constructors, Inc.
REVERSED AND REMANDED.
NOTES
[1] The rationale behind this interpretation of "voluntarily dismisses" was that a plaintiff had the unqualified right to discontinue the proceedings only prior to a general appearance by the defendant. Accordingly, any dismissal after a general appearance was considered not to be "voluntary." Hebert, 419 So.2d at 881; Adams, 94-2353 at p. 8, 663 So.2d at 437.
[2] We further note that a compromise settlement of a workers' compensation claim in exchange for full and final discharge and release of the employer must be approved by the workers' compensation judge after a determination that the settlement is in the best interests of the parties. See LSA-R.S. 23:1271 & 23:1272. In a workers' compensation case, a compromise settlement is not binding and enforceable until it has been judicially approved. Succession of Tilley, 99-64, p. 5 (La.App. 3rd Cir.6/2/99), 742 So.2d 9, 12.
[3] A valid compromise can thus form the basis of a plea of res judicata. Thibodeaux v. Paradigm Insurance Company, 96-0375, p. 3 (La. App. 1st Cir.2/20/98), 709 So.2d 830, 832, writ denied, 98-1114 (La.6/5/98), 720 So.2d 685. An exception of res judicata, however, cannot be supplied by the court. LSA-C.C.P. art. 927; Thibodeaux, 96-0375 at p. 3, 709 So.2d at 832.