GUIDRY, J.
|2Claimant appeals a judgment sustaining a peremptory exception based on prescription and dismissing his workers’ compensation claim. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On May 1, 2006, Raymond Williams filed a form 1008 disputed claim for compensation against The Shaw Group, Inc. (Shaw), seeking workers’ compensation benefits for an injury sustained on January 12, 2005. Shaw filed an answer denying liability for payment of workers’ compensation benefits and further alleging, among other defenses and objections, that the disputed claim for compensation was untimely and thus prescribed. Thereafter, Shaw filed a separate pleading by which it asserted peremptory exceptions objecting to the disputed claim for compensation on the grounds of prescription and res judicata. Following a hearing, the workers’ compensation judge sustained the peremptory exception on the basis of prescription and dismissed the disputed claim for compensation with prejudice in a judgment signed July 13, 2007. It is this judgment that Williams appeals.[1]
DISCUSSION
Williams has raised several assignments of error contending that the work *994 ers’ compensation judge erred in dismissing his disputed claim for compensation on the basis of prescription and res judicata;[2] however, because we find that the workers’ compensation judge did not err in finding that Williams’s claim is prescribed, we do not consider the other alleged errors assigned.
| .¡The prescriptive period applicable to a workers’ compensation claim is found in La. R.S. 23:1209, which states that all claims for payments shall be forever barred unless within one year after the accident the parties have either agreed upon the workers’ compensation payments to be made or a formal claim has been filed with the director of the office of workers’ compensation. Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception; however, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show that the action has not prescribed. Campo v. Correa, 01-2707, p. 7 (La.6/21/02), 828 So.2d 502, 508.
It is undisputed that no agreement was reached by the parties regarding the payment of compensation. Further, the claim for workers’ compensation benefits was filed with the office of workers’ compensation on May 1, 2006, more than one year after the accident that occurred on January 12, 2005. Thus, on the face of the pleadings, it would appear that the claim is prescribed.
In an attempt to show that his claim was not prescribed, Williams pointed out that prior to filing his claim with the office of workers’ compensation, he filed a tort suit against Shaw in the Nineteenth Judicial District Court on either January 11 or 12, 2006, which suit, he asserts, interrupted the running of prescription on his workers’ compensation claim. Although there is no evidence in the record before us of when Williams filed the tort suit, neither party disputes that he filed a tort suit regarding his workplace accident on or before January 12, 2006.
At the hearing on the peremptory exceptions filed by Shaw, it introduced a copy of a “Motion and Order to Dismiss with Prejudice,” wherein Williams requested the issuance of an order “dismissing Shaw Constructors, Inc.[3] with ^prejudice.” An order dismissing Shaw Constructors, Inc., with prejudice, was signed by the trial court on May 1, 2006.[4] According to the hearing transcript, the workers’ compensation judge also had before him proof that Williams mailed his disputed claim for compensation on April 29, 2006, which was received by the office of workers’ compensation on May 1, 2006.
Louisiana Civil Code article 3462 states, in pertinent part, that “[pjrescription is interrupted when ... the obligee com- *995 menees action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court ... prescription is interrupted only as to a defendant served by process within the prescriptive period.”[5] Louisiana Civil Code article 3463 further provides:
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial. [Emphasis added.]
When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written. La. C.C. art. 9. Because the evidence clearly shows that Williams voluntarily dismissed his tort suit, and La. C.C. art. 3463 unambiguously states that any interruption of prescription resulting from Williams having filed the tort suit “is considered never to have ^occurred” as a result of Williams having voluntarily dismissed the tort suit, there was no interruption of the running of prescription on the workers’ compensation claim. Thus, Williams failed to meet his burden of showing that the workers’ compensation claim had not prescribed.
Moreover, we find Pierce v. Foster Wheeler Constructors, Inc., 04-0333 (La.App. 1st Cir.2/16/05), 906 So.2d 605, unit denied, 05-0567 (La.4/29/05), 901 So.2d 1071, a ease relied on by Williams, factually distinguishable and therefore inapplicable to this matter. In Pierce, the plaintiff and his employer agreed to a settlement of the plaintiffs workers’ compensation claim and the settlement was acknowledged by the parties as being the basis for the dismissal of the workers’ compensation claim. When the plaintiff later named his employer as a defendant in a tort suit filed against the plaintiffs co-employees, the employer sought to have the tort suit dismissed as prescribed, contending that pursuant to La. C.C. art. 3463, because the previously filed workers’ compensation claim had been voluntarily dismissed, the workers’ compensation claim could not interrupt the running of prescription on the later filed tort suit. Pierce, 04-0333 at 2-3, 906 So.2d at 607. On appeal, this court held that “dismissal on the basis of the transaction or compromise between the parties ..., which had the force and effect of a final judgment on the merits, ... does not constitute a ‘voluntary dismissal’ within the meaning of [La.] C.C. art. 3463.” Pierce, 04-0333 at 7-8, 906 So.2d at 610. In summary, the dismissal of a suit with prejudice after both parties to the action have settled the dispute cannot be charac *996 terized as a voluntary and unqualified dismissal by the plaintiff alone. Dark v. Marshall, 41,711, pp. 7-8 (La.App.2d Cir.12/13/06), 945 So.2d 246, 250.
The facts of the instant matter differ materially from those of the Pierce case in that the previously-filed tort suit was not dismissed pursuant to a transaction or compromise. Although Williams acknowledged the correctness of Shaw’s assertion 1„in the tort suit that Williams’s cause of action sounded in workers’ compensation, over which claims the office of workers’ compensation has exclusive jurisdiction, his concession regarding the correctness of Shaw’s objection to his tort suit did not resolve his underlying claim. Further, Shaw does not acknowledge, but strongly disputes that it reached a settlement or otherwise entered into a transaction or compromise agreement with Williams to dismiss his tort suit and Williams has presented no proof of the same.[6] As such, Williams has failed to show that the dismissal of his tort suit was anything other than a voluntary dismissal to which the provisions of La. C.C. art. 3463 applies. Accordingly, the workers’ compensation judge did not err in sustaining the peremptory exception on the basis of prescription and dismissing Williams’s disputed claim for compensation with prejudice.
CONCLUSION
For the foregoing reasons, we find the workers’ compensation judge properly sustained the peremptory exception on the basis of prescription and dismissed claimant’s disputed claim for compensation with prejudice. All costs of this appeal are assessed to the claimant, Raymond Williams.
AFFIRMED.
CARTER, C.J., Dissents and assigns reasons.

. In his motion for appeal, claimant requested to be granted an appeal of the judgment denying his motion for new trial, but as it is clear from claimant's brief that he intended to *994 appeal the underlying judgment, we will consider his request for an appeal as an appeal of the underlying judgment. See Carpenter v. Hannan, 01-0467, p. 4 (La.App. 1st Cir.3/28/02), 818 So.2d 226, 228-229, writ denied, 02-1707 (La. 10/25/02), 827 So,2d 1153.

.Although Williams alleges that the workers' compensation judge sustained the peremptory exception, in part, on the basis of res judicata, we find no reference to such reasoning by the workers' compensation judge in either the judgment or his oral reasons for judgment.

. In its appellate brief, Shaw concedes that Williams was employed by the Shaw Group, Inc. and that Shaw Constructors, Inc. is a corporate sister entity of The Shaw Group, Inc.

. As Shaw Constructors, Inc. was the only defendant named in the tort suit, the dismissal of Shaw Constructors, Inc. essentially acted as a dismissal of the suit.

. Based on the nature of the action, the Nineteenth Judicial District Court was not a court of competent jurisdiction for Williams’s claim (see La. C.C.P. art. 5251(4); La. C.C.P. art. 2; La. R.S. 23:1032(A)(1); and La. R.S. 23:1310.3(E)). In pleading the peremptory exceptions, the employer alleged that it was served with the claimant’s tort suit on January 19, 2006, outside of the prescriptive period; however, as this statement is not an adverse factual allegation, it would not constitute a judicial admission or confession of which we could take recognition. See La. C.C. art. 1853; Compensation Specialties, L.L.C. v. New England Mutual Life Insurance Company, 08-1549, p. 9 (La. App. 1st Cir.2/13/09), 6 So.3d 275, 281, writ denied, 09-0575 (La.4/24/09), 7 So.2d 1200. Since there is no evidence in the record before us to establish when the employer was served with the tort suit, for the sake of argument, we assume that the employer was served with process within the prescriptive period.

. While the "Motion and Order to Dismiss with Prejudice,” whereby the tort suit was dismissed, does recite that the "matter including SHAW CONSTRUCTORS, INC. has been compromised,” the motion with incorporated order was submitted and signed by counsel for the plaintiffs only. A compromise which is not reduced to writing is unenforceable. Obviously, to serve as written proof of the agreement and obligations of both parties and their acquiescence therein, the written agreement must be signed by both parties, obligating both to do what they have agreed on. Anderson-Dunham, Inc. v. Hamilton, 564 So.2d 823, 828 -829 (La.App. 1st Cir.), writ denied, 569 So.2d 963 (La. 1990). Thus, the "Motion and Order to Dismiss with Prejudice,” signed only by counsel for the plaintiffs to the tort suit, is insufficient to sustain Williams's burden of proving that the tort suit was dismissed pursuant to a compromise reached by the parties.