CARTER, C.J.,
dissenting.
|,I respectfully disagree with the majority opinion in this case. At the hearing on the peremptory exception raising the objection of prescription, a copy of the motion and order to dismiss the plaintiffs tort suit was introduced without objection and was properly considered by the workers’ compensation judge. The motion and order specifically states that the plaintiffs tort suit against the defendant had “been compromised.” Further, the hearing transcript clearly reflects that the dismissal was due to the parties’ agreement that the plaintiffs exclusive remedy was pursuant to the provisions of the Workers’ Compensation Act. Therefore, Pierce v. Foster Wheeler Constructors, Inc., 04-0333 (La.App. 1 Cir. 2/16/05), 906 So.2d 605, 610, writ denied, 05-0567 (La.4/29/05), 901 So.2d 1071, is controlling precedent that cannot be factually distinguished as the majority holds. The dismissal of a suit with prejudice on the basis of a compromise between the parties cannot be char *997 acterized as a voluntary and unqualified dismissal by the plaintiff alone. Id.; Dark v. Marshall, 41,711 (La.App. 2 Cir. 12/13/06), 945 So.2d 246, 250-251.
Accordingly, the normal rule for interruption of prescription applies, and prescription begins to run anew from the last day of the interruption. LSA-C.C. art. 3466; Pierce, 906 So.2d at 610. The plaintiffs prescriptive period began to |2run anew the date the compromise was perfected in the motion and order of dismissal on May 1, 2006. Thus, the plaintiffs disputed claim for compensation, mailed on April 29, 2006, and received by the Office of Workers’ Compensation on May 1, 2006, was timely. I believe the workers’ compensation judge erred in maintaining the defendant’s exception of prescription and in dismissing the plaintiffs disputed claim for compensation.
For these reasons, I respectfully dissent.