JOHNSON, J.,
dissents and assigns reasons.
|,1 respectfully dissent from the majority opinion which found that plaintiffs’ lawsuit has prescribed. I disagree with the majority’s conclusion that the dismissal of plaintiffs’ suit in federal court was voluntary under the provisions of La. C.C. art. 3463. In my view, the court of appeal correctly found that the January 22, 2010, Stipulation and Notice of Dismissal with Prejudice was not a “voluntary dismissal” as contemplated by La. C.C. art. 3463.
The dismissal in this action was filed with the federal court after defendants answered the suit and while defendants’ summary judgment action was pending. Pursuant to F.R.C.P. 41, the Stipulation and Notice of Dismissal with Prejudice was signed by both plaintiffs and defendants, stipulated that the matter was dismissed with prejudice, and reserved all rights as to persons not made party to the action. Based on these facts, I cannot find the dismissal of the suit can be characterized as a voluntary and unqualified dismissal by the plaintiffs alone. Rather, the “with prejudice” language demonstrates that the dismissal was akin to a settlement of the action. A Rule 41(a)(1) dismissal does not result from unilateral | ^action by the plaintiff, but rather requires approval by all parties in the suit.[1] Thus, the re- *9 suiting dismissal is with prejudice and has the effect of a final judgment under federal law.
Therefore, in my mind, the dismissal was not a “voluntary dismissal” under La. C.C. art. 3463 for purposes of interruption of prescription. See Pierce v. Foster Wheeler Constructors, Inc., 04-333 (La.App. 1 Cir. 2/16/05), 906 So.2d 605, writ denied, 05-567 (La.4/29/05), 901 So.2d 1071; Dark v. Marshall, 41,711 (La.App. 2 Cir. 12/13/06), 945 So.2d 246. For these reasons, I find the court of appeal correctly reversed the trial court’s judgment granting the exception of prescription. Thus, I would affirm.

. F.R.C.P. 41 provides, in pertinent part:
Dismissal of Actions
*9 (a) Voluntary Dismissal.
(1) By the Plaintiff.
(A) Without a Court Order. Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
(ii) a stipulation of dismissal signed by all parties who have appeared.
(B) Effect. Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.