221 So.2d 529 (1969)
CHRYSLER CREDIT CORPORATION
v.
Mrs. Mary T. HENRY.
No. 3400.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1969.
*531 Donald B. Ruiz, New Orleans, for defendant-appellee.
Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, New Orleans, for third party defendant-appellant.
Before REGAN, CHASEZ, and GARDINER, JJ.
REGAN, Judge.
The plaintiff herein, Chrysler Credit Corporation, filed suit via executiva to seize and sell, with benefit of inventory, a 1966 Dodge automobile which was registered in the name of the defendant, Mrs. Mary T. Henry. Subsequent to the sale of the property, the plaintiff filed suit for the deficiency remaining after the sale of the vehicle.
In response to this suit, the defendant answered and denied the existence of any liability to the plaintiff; she then explained therein that the automobile had been returned to the dealer, McBride Dodge, Inc., who had agreed to accept it, together with the original downpayment of $1,200.00, in full payment of the purchase price of the vehicle.
The defendant also filed a third party petition against McBride Dodge, Inc., wherein she reiterated the allegations contained in her answer to the plaintiff's suit for a deficiency judgment, and asserted that the defendant's signature was obtained on the note and chattel mortgage under deceitful circumstances.
Summary judgment was rendered by consent in favor of Cyrysler Credit Corporation against the defendant in the amount of $1,493.52, together with 8% interest from February 24, 1967, until paid, attorney's fees of 25% of the original purchase price of $3,593.52, plus interest and all costs.
Since the third party defendant, McBride Dodge, Inc., had not filed an answer to the defendant's third party demand, the defendant proceeded to confirm her default judgment against McBride Dodge condemning it to reimburse her for all damages that she may incur as the result of the plaintiff's principal demand.
From a judgment in favor of the defendant and against the third party defendant, the latter has prosecuted this appeal.
It is well settled that a judgment rendered by a trial court is presumed to be correct, and it will not be disturbed on the appeal thereof if the litigant obtaining the judgment by default had produced a prima facie case. Consequently, the significant question posed for our consideration is whether the evidence offered in the lower court by the defendant in confirmation of her default judgment against the third party defendant, McBride Dodge, Inc., was sufficient to create a prima facie case.
The initial and primary complaint of the third party defendant is that fraud was neither alleged by the defendant nor properly proved. Insofar as the facts before us are concerned, the substantive law applicable there to is contained in Civil Code Article 1847(9) which reads:
"Fraud, as applied to contracts, is the cause of an error bearing on a material part of the contract, created or continued by artifice, with design to obtain some unjust advantages to the one party, or to cause an inconvenience or loss to the other. From which definition are drawn the following rules:
"* * *
9. If the artifice be practiced by a party to the contract, or by another with his knowledge or by his procurement, it vitiates the contract; * * *".
In order to ascertain whether or not a contract is vitiated by fraud, the evidence in *532 support thereof must be evaluated in conformity with the legislative standard set forth in Civil Code Article 1848, which reads:
"Fraud, like every other allegation, must be proved by him who alleges it, but it may be proved by simple presumptions or by legal presumptions, as well as by other evidence. The maxim that fraud is not to be presumed, means no more than that it is not to be imputed without legal evidence."
The jurisprudence interpretative of this article has consistently reasoned from the major premise that fraud, unlike other allegations in civil cases, must be proved by more than a mere preponderance of the evidence. Since the accusation is a grave one, the courts have required strict proof thereof. However, the inherent difficulty of establishing fraud by direct evidence has also been recognized juridically; therefore, the courts have reasoned that an inference of fraud may be drawn from the existence of highly suspicious conditions or events, in conformity with the rationale of Article 1848.
The procedural requirements for alleging a cause of action for fraud are set forth in Article 856 of the Louisiana Code of Civil Procedure, which reads:
"In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity. Malice, intent, knowledge, and other condition of mind of a person may be alleged generally."
Thus, the facts constituting the fraud must be particularly alleged, and the state of mind of the person committing the fraud may be asserted generally.
Considering first the sufficiency of the allegations contained in the defendant's third party petition, an examination of the record discloses that the defendant asserts it was agreed by McBride Dodge that the automobile, which was about thirty days old, was to be accepted in satisfaction of the outstanding balance together with the $1,200.00 cash downpayment which was previously made by the defendant's grandson. However, no evidence whatsoever was adduced in the lower court in support of this allegation. The reason given, although not completely substantiated, is the fact that the transaction occurred solely in the presense of the grandson, who at the time of the confirmation of the default was in the armed forces in Viet Nam.
However, proof was presented in support of the other basis for the defendant's third party petition, and, therefore, we must consider this ground in light of the third party defendant's contention that improper allegation of fraud was made.
The third party defendant relies on the following allegation contained in the third party petition to show that fraud was insufficiently alleged:
"That although Mrs. Mary T. Henry did sign the promissory note it was without her knowledge and as she has great difficulty in seeing or reading any printed matter, she was completely unaware of the fact that she was signing a promissory note or mortgage. That the promissory note was obtained under deceitful circumstances."
A careful consideration of the defendant's pleadings convinces us that the words "under deceitful circumstances" are sufficient to set forth the third party defendant's intent to defraud which need only be pleaded generally, as set forth in the last sentence of Article 856 of the Code of Civil Procedure. In addition, the acts alleged in the defendant's third party petition, together with those incorporated therein by reference to the defendant's answer, set forth the circumstances constituting fraud with sufficient particularity to satisfy the requirements of the first sentence of Article 856. In addition to the foregoing quoted allegation, the defendant also incorporated by reference allegations establishing that the defendant was a person of advanced years and a member of *533 the Negro race; that she was afflicted with severe cataracts which created much difficulty in seeing or reading any printed matter at all; and that she was physically infirm. Moreover, in the body of the third party demand, it is also alleged that she was requested to sign a document stated to her to be a "bill of sale" to enable her grandson, because of his minority, to purchase the automobile. She also pleaded that no one representing McBride Dodge, Inc., ever advised or informed her that she was signing a promissory note or a mortgage.
These allegations, we are convinced, affirmatively set forth facts and circumstances sufficient to state a cause of action for fraud against McBride Dodge, Inc.
We are equally convinced that the proof adduced in support of these allegations was, in view of the rationale of the Civil Code Articles above mentioned, sufficient to justify the lower court's rendition of a judgment in favor of the defendant and against the third party defendant. The defendant, to reiterate for the purpose of emphasis, testified that she was seventy years old and possessed only a fourth grade education. She stated that she did not know how to read or write to any extent, and that cataracts on both of her eyes greatly interfered with her ability to read. She further explained that her grandson and a salesman from McBride Dodge visited her home and requested that she sign what she thought was a bill of sale. She was informed that because of the minority of her grandson it was necessary that she sign the document in order for him to acquire the car. However, they did not inform her that this was a promissory note and a mortgage, in spite of the fact that she asked them what the nature of the documents were and informed them that she did not wish to sign any document "which would make trouble" for her or jeopardize the ownership of her home, since she was a widow and lived on a pension. In response to a direct question by the judge of the lower court as to whether she understood that she would be responsible for the payment of the note, she exclaimed:
"I really didn't understand that, I really didn't. If I would have known it I never would have signed it."
In applying the fundamental principles enunciated in Articles 1847 and 1848 of the Civil Code, and the jurisprudence interpretative thereof, we are lead to the inevitable conclusion that the defendant was fraudulently induced into signing the note and mortgage. There is no question but that, in view of her age and physical infirmities, which were perfectly obvious to the representative of the third party defendant, the nature of the document presented to her for signature was misrepresented. She obviously thought that she was merely signing a document to enable her grandson to obtain the automobile, and the fact that she would be responsible for the payment of this obligation was obviously and intentionally withheld from her.
In view of the defendant's physical infirmities, which we have obviously set forth in detail, we are convinced that it was the duty of the third party defendant, under all of the circumstances enumerated herein to inform the defendant of the nature of the documents she was signing and the extent of her liability thereon.
The conclusion of fraud emanating from the defendant's testimony is further strengthened by referral to the note and the sale and chattel and mortgage which secured it. Both of these documents reveal only the defendant's signature, and do not even purport to place title to the automobile in the name of the defendant's grandson. It taxes our credulity to believe that a seventy year old woman in her physical and economic condition would, without some misrepresentation or fraud, proceed on her own to buy a new automobile for slightly less than $3,600.00.
*534 Finally, in a cursory manner, counsel for the third party defendant urges that the record is incomplete insofar as his client is concerned for the reason that the defendant did not offer and introduce into evidence in connection with the third party petition the note and chattel mortgage. However, the documents were made part of the record in the suit for executory process and in the suit for a deficiency judgment, both of which were handled by the same judge under the same docket number in the same proceeding. Since it is a fact that a court of law may take judicial notice of its own records, there is no need to engage in a protracted discussion of this issue.
For the foregoing reasons, the judgment of the lower court is affirmed.
All costs of the third party complaint in this appeal are to be paid by the third party defendant, McBride Dodge, Inc.
Affirmed.