CHASEZ, Judge.
Plaintiff, Vanguard Finance, Inc., doing business as Foti Finance Company, insti *663 tuted this suit to recover on an $840.00 promissory note, allegedly executed by the defendant, James Smith, to the plaintiff. Thomas Bolleter, Jack O’Neal, and Joseph Chategnier were brought in as third-party defendants by the plaintiff when allegations of fraud were asserted by James Smith in his answer.
After trial on the merits in the First City Court of New Orleans, judgment was rendered in favor of James Smith and Joseph Chategnier, dismissing the action as to them and in favor of Vanguard Finance, Inc., against Thomas Bolleter and Jack O’Neal, jointly, severally and insólido for $514.80, with legal interest from judicial demand and for all court costs. Defendants, Bolleter and O’Neal, have appealed suspensively from this judgment alleging error in the lower court. The judgment dismissing James Smith and Joseph Chategnier was not appealed and therefore is not before this court.
Plaintiff, Vanguard Finance, Inc., ow.ns the Foti Finance Company and has retained the latter’s name in conducting business in the City of New Orleans. Defendant, Thomas Bolleter, was the manager of Foti Finance when the events which led to this suit transpired. Jack O’Neal owns and operates the New Deal Auto Sales from which James Smith purchased an automobile.
James Smith, seeking to purchase a car, went to New Deal Auto Sales on November 25, 1967. A 1957 Dodge was selected and in order to finance this car Jack O’Neal sent Smith with one of his salesmen to Foti Finance. O’Neal then phoned ahead and made the financial arrangements with Bolleter.
At the finance company office Smith signed the promissory note and other papers which he claims were not filled in or explained to him because the manager was in a hurry, apparently to leave the office, and as a result he was rushed through the transaction.
He also alleges that he endorsed a blank company check which was eventually filled out by Bolleter to his order and thereupon left the papers and the check at the finance office and returned to pick up his automobile.
Bolleter denies this, claiming that the note and other papers were completely filled out and the check made payable to Smith before he signed them. Bolleter also asserts that Smith left his office with the check while O’Neal alleges that the check was given to him by the salesman who drove Smith to the Finance company’s office.
O’Neal called Bolleter seeking a place to cash the check and it was arranged by Bol-leter to meet at the Marlin Bar owned by Joseph Chategnier. Chategnier testified that Bolleter cashed the check at his bar and then gave the money to O’Neal.
A major point of contention is that Smith alleged the car was sold to him for $200.00. O’Neal denied this and asserted that $500.00 was the price. Smith also alleged that the loan was for $200.00, but Bolleter claims that it was for $514.80, with a discounted promissory note for $840.00. The- check was made out for $514.80.
The lower court determined that the papers and check Smith signed at the finance office were not filled out. We are led to the same conclusion by Bolleter’s own testimony. After asserting that all the papers were completely filled out when Smith signed them he stated, in referring in the chattel mortgage executed by Smith, that “evidently the list was not typed up at that time.” The trial judge also found the price of the automobile to be $200.00 rather than $500.00. O’Neal never produced his books concerning this purchase and the bill of sale filled out by O’Neal and given to Smith at the time of purchase reflected no price.
Vanguard Finance Co. had instructed Bolleter never to make loans in any way *664 concerning an automobile. Bolleter disregarded these instructions by making this loan which he knew was for purchasing a car. O’Neal arranged for the loan by calling Bolleter and the automobile was even listed by Bolleter in the Finance company’s records as the purpose of the loan.
The record establishes that Smith, who never advanced beyond the 6th grade, was defrauded by Bolleter and O’Neal who, because of their position and the peculiar circumstances of this case, took advantage of the ignorance of Smith.
O’Neal, because he was “too busy”, never wrote the price of the automobile on the bill of sale given to Smith. However, other items on the bill of sale were filled out, including the make and type of car. In the answer filed by O’Neal, he alleges that the car was sold for $510.00. A second bill of sale filled out by O’Neal, but never sent to Smith, shows $510.00 as the purchase price. In O’Neal’s testimony, however, he adamantly asserted that he sold the car for a “flat $500.00” and no more.
The record discloses that no complete bill of sale was ever given to Smith. In addition, Smith never received the title to the car although he requested it several times. O’Neal asserted that difficulties with the Alabama registration caused the delay, yet when he eventually received the title he gave it to his own attorney who retained it in the face of a request for same from Smith’s attorney.
In paragraphs 10 and 11 of O’Neal’s answer, he alleged that Smith was present when the check was cashed. O’Neal’s attorney deftly amended this portion of his answer when O’Neal’s subsequent testimony refuted the allegation.
The issue involved in this case is essentially factual in nature. Any determination of facts depends largely on the credibility of the witnesses. In such a situation an appellate and reviewing court will not disturb findings of fact by the trial judge unless there is manifest error. LeBlanc v. Gauthier, 174 So.2d 267 (La.App., 3d Cir., 1965); X-L Finance Company, Inc. v. Carrier, 215 So.2d 185 (La.App., 3d Cir., 1968).
Great weight is given to a trial court’s findings when considering testimony and evidence as a trial judge is in a better position to observe the witnesses and weigh their statements than a court removed from the scene.
We are convinced that in the present case there is sufficient evidence to show fraud. It is an accepted principle of law that fraud must be proved by the one who alleges fraud, but because of the nature of fraud it sometimes must be inferred from the existence of highly suspicious conditions or events. Chrysler Credit Corporation v. Henry, 221 So.2d 529 (La.App., 4th Cir., 1969); George A. Broas Co., Inc. v. Hibernia Homestead and Savings Association, 134 So.2d 356 (La.App., 4th Cir., 1961).
For the above and foregoing reasons the judgment of the First City Court of New Orleans is affirmed, all costs to be paid by appellants.
Affirmed.