McClendon, j.
1 ^Plaintiffs appeal a trial court judgment granting defendant/appellee’s peremptory exception raising the objection of prescription. For the following reasons, we reverse.
FACTS AND PROCEDURAL HISTORY
This lawsuit arises from an automobile accident that occurred on November 4, 2009. On November 3, 2010, plaintiffs, Randy Roberts and Jamie Roberts, filed a petition for damages naming Lionel J. Bil-liot and his liability insurer United Services Automobile Association (USAA)[1] as defendants. Plaintiffs also named Michael A. Hebert, Jenelle C. Hiester, Phylis A. Chauvin, and their liability insurers, as defendants. Plaintiffs alleged that all named defendants were liable to plaintiffs “jointly, [severally], and in solido” for all reasonable damages.
On August 1, 2012, Mr. Billiot signed an affidavit acknowledging that “he was not in the course and scope of any employment at the time of the November -4, 2009 accident.” On September 20, 2012, after reaching a settlement with Mr. Billiot and USAA, plaintiffs filed a motion to dismiss Mr. Billiot and USAA from the suit with prejudice. The trial court granted the motion on September 25, 2012.
Plaintiffs aver that following Mr. Billi-ot’s dismissal they learned from Mr. Billi-ot’s deposition that he may have been in the course and scope of his employment with Gulf Coast Electric Co., LLC (Gulf Coast) at the time of the accident, despite the statement made in his affidavit otherwise. On January 10, 2013, plaintiffs filed a “Second Supplemental and Amended Petition For Damages,” to add Gulf Coast as a defendant.
On August 15, 2013, Gulf Coast filed a peremptory exception raising the objection of prescription. Gulf Coast, citing LSA-C.C. art. 3463, asserted that when plaintiffs voluntarily dismissed their claims against Mr. Billiot, it eliminated the interruption of prescription against Gulf Coast. As such, Gulf Coast urged Rthat plaintiffs’ claims filed against it more than three *420 years after the accident had prescribed.[2] In opposition, plaintiffs contended that LSA-C.C. art. 3463 did not apply because although Mr. Billiot had been dismissed, the underlying suit was still pending.
Following argument, the trial court granted Gulf Coast’s exception of prescription and dismissed plaintiffs’ action against Gulf Coast with prejudice. On October 22, 2013, the trial court signed a written judgment evidencing its ruling in open court. Plaintiffs timely filed a motion for new trial, which was denied by the trial court.
Plaintiffs have appealed, asserting that the trial court committed legal error when it found that the dismissal of Mr. Billiot constituted a voluntary dismissal of the action under LSA-C.C. art. 3463.
DISCUSSION
Statutes providing for prescriptive periods are to be strictly construed in favor of maintaining a cause of action. David v. Our Lady of the Lake Hosp., Inc., 02-2675 (La.7/2/03), 849 So.2d 38, 47. Thus, if there are two possible constructions, the one which favors maintaining an action, as opposed to barring, should be adopted. Oil Ins. Ltd. v. Dow Chemical Co., 07-0418 (La.App. 1 Cir. 11/2/07), 977 So.2d 18, 22, writ denied, 07-2319 (La.2/22/08), 976 So.2d 1284.
Generally, the trial court’s factual findings on a peremptory exception raising the objection of prescription, such as the date on which prescription begins to run, are reviewed on appeal under the manifest error-clearly wrong standard of review. McKenzie v. Imperial Fire and Cas. Ins. Co., 12-1648 (La.App. 1 Cir. 7/30/13), 122 So.3d 42, 46, writ denied, 13-2066 (La.12/6/13), 129 So.3d 534. However, the proper application and interpretation of a statute |sor article is a question of law. McKenzie, 122 So.3d 46. The issue of whether the plaintiffs’ action was prescribed involves the proper application of LSA-C.C. art. 3463. Therefore, on review, this court must determine whether the trial court was legally correct or legally incorrect in determining that the plaintiffs’ claims against Gulf Coast were prescribed.
Plaintiffs timely instituted the original suit in this matter on November 3, 2010, naming numerous parties, including Mr. Billiot, as defendants, asserting joint and solidary liability. Generally, the interruption of prescription against a solidary or joint tortfeasor is effective as to all solidary or joint tortfeasors. LSA-C.C. art. 1799 and 2324C. If Mr. Billiot and Gulf Coast are solidary obligors as to plaintiffs, then the interruption of prescription against Mr. Billiot interrupted prescription against Gulf Coast. See Etienne v. National Auto. Ins. Co., 99-2610 (La.4/25/00), 759 So.2d 51, 56. Further, if Gulf Coast and the remaining defendants are joint tortfeasors, then the timely instituted action against the joint tortfeasors also interrupted prescription against Gulf Coast. Doyle v. Mitsubishi Motor Sales of America, Inc., 99-0459 (La.App. 1 Cir. 3/31/00), 764 So.2d 1041, 1045, writ denied, 00-1265 (La.6/16/00), 765 So.2d 338.[3]
*421 Gulf Coast, citing LSA-C.C. art. 3463, contends that interruption was considered never to have occurred because plaintiffs dismissed Mr. Billiot from the suit. We disagree. Louisiana Civil Code article 3463 provides:
An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial. [Emphasis added.]
Although Mr. Billiot may have been dismissed, other defendants, who are alleged joint tortfeasors, remain in the suit and the suit is still pending. Dismissal of a 1 r,particular defendant is not the same as the dismissal of the lawsuit. Doyle, 764 So.2d at 1045. Article 3463 makes it clear that an interruption of prescription resulting from the proper filing of suit continues so long as the suit is pending. Id.[4] As such, plaintiffs’ January 10, 2013 amended petition naming Gulf Coast as a defendant, which was filed several months after Mr. Billiot was dismissed and while suit against the other potential joint tortfeasors was pending, was timely.
CONCLUSION
For the foregoing reasons, the trial court’s October 22, 2013 judgment is reversed and the matter is remanded for further proceedings. Costs of this appeal are assessed to appellee, Gulf Coast Electric Co., LLC.
REVERSED AND REMANDED.

. USAA was mistakenly named in the petition as USAA Casualty Insurance Company.

. Initially, Gulf Coast contended that while the suit against its employee Billiot interrupted prescription, Mr. Billiot’s dismissal caused prescription to resume tolling. Gulf Coast argued that to interrupt prescription again, plaintiffs had to file suit against Gulf Coast no later than September 26, 2012, or one day after Mr. Billiot was dismissed, since there was only one day left in the prescriptive period when suit was initially filed. However, Gulf Coast appears to have later acknowl- ' edged that when prescription is interrupted, the time that has run is not counted. Prescription begins to run anew from the last day of interruption. LSA-C.C. art. 3466.

. While prescription is interrupted by suit against one solidary obligor or joint tortfeasor as to the other solidary obligors and joint tortfeasors not timely sued, where the timely sued defendant is ultimately found not liable to plaintiffs, the suit against the untimely sued defendants will then be dismissed, because no joint or solidary obligation exists. See Renfroe v. State ex rel. Dept. of Transp. and Dev., 01-1646 (La.2/26/02), 809 So.2d 947, 950. As such, while the allegation of solidary or joint liability is pending, the exception of prescription remains premature. See Etienne, 759 So.2d at 57.

. During the course of the trial court proceedings, Gulf Coast cited and relied upon Sims v. American Ins. Co., 12-0204 (La. 10/16/12), 101 So.3d 1, to support its position. The court in Sims determined that interruption did not occur when a lawsuit was dismissed in its entirety. The case before this court does not involve dismissal of the entire lawsuit.