CRAIN, J.
*473 The plaintiff, Brooke Pullin, appeals a judgment sustaining an exception of prescription and dismissing her claims against the defendants, Linda A. Chauvin, B & T Leasing, Inc., and State Farm Mutual Automobile Insurance Company. We reverse and remand.
FACTS AND PROCEDURAL HISTORY
This suit arises out of an automobile accident that occurred on May 17, 2013. Pullin filed suit claiming damages resulting from the accident (Suit 1), but failed to request service of process upon the defendants within ninety days. The defendants were dismissed pursuant to a consent judgment dated June 3, 2016, which in pertinent part, read:
CONSENT JUDGMENT ON EXCEPTION OF INSUFFICIENCY OF SERVICE OF PROCESS
* * * * *
IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' exception herein is hereby granted, dismissing defendants, Linda A. Chauvin, B & T Leasing, Inc. and State Farm Mutual Automobile Insurance Company, from this litigation without prejudice, at plaintiffs' cost.
On December 20, 2016, Pullin again sued the defendants claiming damages from the 2013 accident. The defendants filed an exception of prescription. Following a hearing on the exception, the trial court found Pullin voluntarily dismissed her cause of action in Suit 1 by entering the consent judgment and, consequently, Suit 1 did not interrupt prescription. The trial court granted the exception and dismissed Pullin's claims against the defendants. Pullin now appeals.
DISCUSSION
The issue presented is the effect of the consent judgment on the interruption of prescription that resulted from filing Suit 1. The December 20, 2016 petition was filed more than one year after the May 17, 2013 accident; therefore, the petition is prescribed on its face. See La. Civ. Code art. 3492 (providing that delictual actions are subject to a one-year prescriptive period commencing the date injury or damage is sustained). Pullin bore the burden of showing that prescription did not toll because of an interruption or suspension. See Big 4 Trucking, Inc. v. New Hampshire Ins. Co. , 17-0420 (La. App. 1 Cir. 11/1/17), 233 So.3d 686, 689 ; Benson v. State, Dep't of Revenue through Office of Alcohol & Tobacco Control , 17-0081 (La. App. 1 Cir. 9/15/17), 227 So.3d 847, 849. Pullin argues Suit 1 interrupted prescription, the interruption continued until the date of the consent judgment, and a new one-year prescriptive period began on that date. Because the instant suit was filed within one-year of the consent judgment, Pullin *474 contends this suit is timely.[1]
Prescription is interrupted by filing suit in a court of competent jurisdiction and venue. See La. Civ. Code art. 3462. The interruption continues as long as the suit is pending. See La. Civ. Code art. 3463. By interrupting prescription, the time prior to the interruption is not counted, and prescription begins anew from the last day of the interruption. See La. Civ. Code art. 3466.
Although Suit 1 was filed within the one-year prescriptive period in a court of competent jurisdiction and venue, Pullin failed to request service of process on the defendants within ninety days as required by Louisiana Code of Civil Procedure article 1201C.[2] In the absence of good cause, the failure to request service subjects the case to involuntary dismissal, either through a declinatory exception filed by the defendant upon whom service was not requested, or upon contradictory motion of any other party. La. Code Civ. Pro. art. 1672C.
Louisiana Revised Statute 9:5801 specifically addresses the effect on the interruption of prescription of a defendant being dismissed because the plaintiff failed to timely request service and provides:
Notwithstanding the provisions of Civil Code Article 2324(C) [ (that interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors) ], interruption is considered never to have occurred as to a person named as a defendant who is dismissed from a suit because service of citation was not timely requested and the court finds that the failure to timely request service of citation was due to bad faith. Nonetheless, as to any other defendants or obligors, an interruption of prescription, as provided in Civil Code Article 3463, shall continue.
According to Section 5801, absent bad faith, a timely suit filed in a court of competent jurisdiction and venue interrupts prescription regardless of whether the defendant requests service within the ninety-day time period. See Bordelon v. Medical Center of Baton Rouge , 03-0202 (La. 10/21/03), 871 So.2d 1075, 1082. A dismissal for failure to timely request service does not render the dismissed petition absolutely null so as to vitiate the interruption prescription. See Bordelon , 871 So.2d at 1079 ; Gallagher Bassett Services, Inc. v. Canal Ins. Co. , 16-0088 (La. App. 1 Cir. 9/16/16), 202 So.3d 1160, 1168.
No evidence was introduced to show, and no party has argued, Pullin's failure to timely request service on the defendants in Suit 1 was in bad faith. Rather, the defendants argued, and the trial court agreed, Section 5801 does not apply because by entering the consent judgment Pullin voluntarily, rather than involuntarily, dismissed Suit 1. Article 3463, in relevant part, provides:
Interruption is considered never to have occurred if the plaintiff abandons, vol untarily dismisses the action *475 at any time either before the defendant has made any appearance of record or thereafter, or fails to prosecute the suit at the trial. (Emphasis added.)
The defendants argue "[t]here are no recognized exceptions to the principles set forth in Article 3463."
Louisiana Code of Civil Procedure article 1671 defines "voluntary dismissal" as follows:
A judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if the application is made prior to any appearance of record by the defendant. If the application is made after such appearance, the court may refuse to grant the judgment of dismissal except with prejudice. (Emphasis added.)
Notably, a voluntary dismissal requires an affirmative action by the plaintiff seeking dismissal of the suit. See La. Code Civ. Pro. art. 1671 ; Gorman v. Miller , 12-0412 (La. App. 1 Cir. 11/13/13), 136 So.3d 834, 839, writ denied, 13-2909 (La. 3/21/14), 135 So.3d 620. This court has held a dismissal following a compromise or settlement is not a voluntary dismissal under Article 3463. See Pierce v. Foster Wheeler Constructors, Inc. , 04-0333 (La. App. 1 Cir. 2/16/05), 906 So.2d 605, 610 ; see also Guidry v. USAgencies Casualty Ins. Co., Inc. , 16-0562 (La. App. 1 Cir. 2/16/17), 213 So.3d 406, 422, writ denied , 17-0601 (La. 5/26/17), 221 So.3d 81 (recognizing the continued applicability of the holding in Pierce ). The rationale is a settled case is actually resolved by the transaction or compromise, which has the force of a thing adjudged. See La. Civ. Code art. 3078 ; Pierce , 906 So.2d at 610. The subsequent dismissal merely cleans up the record and disposes of any incidental matters, allowing the case to be closed. Pierce , 906 So.2d at 610.
Here, the consent judgment expressly confirms that in response to Suit 1, the defendants filed an exception of insufficiency of service of process. Pullin indisputably did not request service of Suit 1 within ninety days. Therefore, absent good cause, the trial court was required to enter a judgment dismissing the action without prejudice. See La. Code Civ. Pro. art. 1672C (providing that the judgment of dismissal "shall be rendered"); see also La. R.S. 1:3 (providing that the word "shall" is mandatory). Faced with these facts, Pullin consented to the trial court granting the exception of insufficiency of service of process. Her "consent" was irrelevant to the defendants' entitlement to a judgment granting the exception and dismissing the suit against the defendants. At most, Pullin's consent simply confirmed she had no good cause to not request service, which prevented the trial court from ordering service within a specified time. See La. Code Civ. Pro. art. 1672C. Like a dismissal after a compromise or settlement, the consent judgment, which the defendants were clearly entitled to, cannot be characterized as a voluntary and unqualified dismissal by the plaintiff alone. See Dark v. Marshall , 41, 711 (La. App. 2 Cir. 12/13/06), 945 So.2d 246, 251.
In summary, Section 5801 specifically addresses interruption of prescription where a defendant is dismissed because service is not timely requested. Bordelon , 871 So.2d at 1081. In that circumstance, the lawsuit interrupts prescription unless the court finds the failure to request service was in bad faith. Bordelon , 871 So.2d at 1084. Pullin was not found in bad faith. Thus, Suit 1 interrupted prescription. La. R.S. 9:5801 ; see also La. Civ. Code art. 3463. Pullin did not seek the dismissal of Suit 1. She simply conceded the dismissal was legally supported. See La. Civ. Code art. 3463. There was no voluntary abandonment *476 or discontinuance of Suit 1 by Pullin. The interruption continued while Suit 1 was pending, and prescription began anew from the day the consent judgment was signed. See La. Civ. Code art. 3466. This suit was timely filed within one year of that date.
CONCLUSION
The judgment of the trial court is reversed, and this matter is remanded for further proceedings. Costs of this appeal are assessed to the defendants, Linda A. Chauvin, B & T Leasing, Inc., and State Farm Mutual Automobile Insurance Company.
REVERSED AND REMANDED.

Although not formally introduced in evidence, the record sufficiently establishes the trial court took judicial notice of the filings in Suit 1, referencing them in both oral reasons and the judgment rendered. Cf. La. Code Ev. arts. 201 -02; Pinegar v. Harris , 06-2489 (La. App. 1 Cir. 5/4/07), 961 So.2d 1246, 1249 (a court may take judicial notice of its own proceedings); Louisiana Lift & Equipment, Inc. v. Eizel , 33,747 (La. App. 2 Cir. 11/1/00), 770 So.2d 859, 864 ; see also Schwartz v. Schwartz , 472 So.2d 115, 116 (La. App. 5 Cir. 1985) ; Chrysler Credit Corp. v. Henry , 221 So.2d 529, 534 (La. App. 4 Cir. 1969). The trial court noted the date Suit 1 was filed, and the consent judgment rendered in Suit 1 is contained in the record before us.

There is no evidence or suggestion that the defendants expressly waived service. See La. Code Civ. Pro. art. 1201C.