HOLDRIDGE, J.
In this personal injury action, plaintiffs, Lana Theriot and her husband, Britt Theriot, appeal a judgment sustaining a peremptory exception raising the objection of prescription filed by defendant, State Farm Mutual Automobile Insurance Company (State Farm), and dismissing their lawsuit with prejudice. We reverse and remand.
FACTUAL AND PROCEDURAL BACKGROUND
On July 15, 2013, Mrs. Theriot was involved in an automobile accident occurring in Terrebonne Parish, in which her vehicle was struck by a vehicle owned by Archer Construction, L.L.C. and operated by Brandon Archer. On July 3, 2014, the Theriots filed a lawsuit in the 32nd Judicial District Court (JDC) seeking damages arising from the accident against Archer Construction and its insurer, State Farm (sometimes referred to as "the original lawsuit.") The Theriots failed to effectuate service of the petition within the ninety-day time period provided for in La. C.C.P. art. 1201. In the original lawsuit, State Farm filed a declinatory exception raising the objection of insufficiency of service of process. The Theriots and State Farm entered into a consent judgment on State Farm's exception of insufficiency of service of process. On November 2, 2016, the trial court entered a "Consent Judgment on Exception of Insufficiency of Service of Process." The consent judgment was made the judgment of the court, and in accordance therewith, the trial court entered judgment granting State Farm's exception and dismissing State Farm from the litigation without prejudice, at the Theriots' cost.
Several days later, on November 7, 2016, the Theriots refiled their lawsuit against Archer and State Farm in the 32nd JDC, seeking damages arising from the July 15, 2013 automobile accident.[1] On January 9, 2017, State Farm filed a peremptory exception raising the objection of prescription with respect to the refiled petition. In the exception, State Farm maintained that the lawsuit was prescribed on the face of the pleading, shifting the burden to the Theriots to establish that prescription had not run. State Farm insisted that the Theriots could not carry this burden because the consent judgment operated as a voluntary dismissal of the Theriots' lawsuit under La. C.C. art. 3463, which provides *929 that interruption of prescription resulting from the filing of a lawsuit in a court of competent jurisdiction and in the proper venue is considered never to have occurred if the plaintiff voluntarily dismisses the action at any time. State Farm maintained that because the Theriots voluntarily dismissed their lawsuit, the filing of the original lawsuit against it did not interrupt prescription, and all claims arising from the July 15, 2013 accident would have prescribed before the Theriots refiled their petition on November 7, 2016.
In opposition to the exception, the Theriots maintained that prescription was interrupted by the filing of the original lawsuit in a court of competent jurisdiction and venue under La. C.C. art. 3462 and continued as long as that lawsuit was pending under La. C.C. art. 3463. The Theriots argued that they did not voluntarily dismiss their original lawsuit, but merely consented to the involuntary dismissal of that petition pursuant to State Farm's exception of insufficiency of service. According to the Theriots, prescription was interrupted as to all defendants on July 3, 2014, when the original lawsuit was filed, continued until November 2, 2016, when the original lawsuit was dismissed, and commenced anew for one year thereafter, making the filing of the second petition within that one-year period timely.
Following a hearing, the trial court rendered judgment on March 30, 2017, sustaining State Farm's peremptory exception of prescription and dismissing the lawsuit with prejudice. The court found that the consent judgment of dismissal in the original lawsuit constituted a voluntary dismissal by the Theriots of their cause of action.
This appeal followed. In a single assignment of error, the Theriots contend that the trial court erred in finding that the consent judgment entered on November 2, 2016, constitutes a voluntary dismissal of their cause of action for the purposes of La. C.C. art. 3463.
DISCUSSION
Prescription statutes are strictly construed against prescription and in favor of maintaining the cause of action. Roberts v. USAA Casualty Insurance Company, 2014-0384 (La. App. 1st Cir. 11/7/14), 168 So.3d 418, 420. Thus, if there are two possible constructions, the one which favors maintaining an action, as opposed to barring, should be adopted. Id. Ordinarily, the burden is on the party raising the objection of prescription to prove the facts necessary to support the objection. However, if it appears on the face of the petition that prescription has run, the burden shifts to the plaintiff to prove a suspension or interruption of the prescriptive period. Daisey v. Time Warner, 98-2199 (La. App. 1st Cir. 11/5/99), 761 So.2d 564, 567.
Generally, the trial court's factual findings on a peremptory exception raising the objection of prescription, such as the date on which prescription begins to run, are reviewed under the manifest error standard of review. Roberts, 168 So.3d at 420. However, the proper application and interpretation of a prescriptive statute is a question of law. Id. The issue of whether the Theriots' action is prescribed involves the proper application of La. C.C. articles 3462 and 3463. On review, this court must determine whether the trial court was legally correct or legally incorrect in determining that the Theriots' claims against State Farm were prescribed. See Roberts, 168 So.3d at 420.
The automobile accident in this case occurred on July 15, 2013; the lawsuit must have been filed on or prior to July 15, 2014 to be timely. The original lawsuit was filed on July 3, 2014, within the one-year prescriptive *930 period. However, that lawsuit was dismissed and the instant lawsuit was not filed until November 7, 2016, well after the expiration of the one-year prescriptive period applicable to personal injury lawsuits. Because the Theriots' claims are prescribed on the face of the petition, they bore the burden of proving a suspension or interruption of prescription. See Sims v. American Insurance Company, 2012-0204 (La. 10/16/12), 101 So.3d 1, 4.
The Theriots attempt to discharge this burden by asserting that the timely filed original lawsuit operated to interrupt prescription on their claims against State Farm while the matter was pending pursuant to La. C.C. art. 3462 and La. C.C. art. 3463, which provide that prescription is interrupted by the filing of a lawsuit in a court of competent jurisdiction within the prescriptive period and continues as long as the suit is pending. The Theriots maintain that the timely filed original lawsuit interrupted prescription on their claim against State Farm until November 2, 2016, when that lawsuit was dismissed, and the one-year period commenced to run anew on that date, making the lawsuit filed on November 7, 2016, within that one-year period and thus timely.
Under La. C.C.P. art. 3463, the interruption of prescription resulting from the filing of a lawsuit in a court of competent jurisdiction and proper venue is considered never to have occurred if the plaintiff abandons, voluntarily dismisses the action at any time either before the defendant has made an appearance of record or thereafter, or fails to prosecute the suit at trial. State Farm contends that the consent judgment dismissing the Theriots' lawsuit constitutes a "voluntary dismissal" of their action pursuant to La. C.C.P. art. 3463, and accordingly, prescription as to the Theriots' tort claim was never interrupted by their timely filed original lawsuit, making the refiled petition untimely.
We disagree. The only issue in this case is whether the consent judgment maintaining State Farm's declinatory exception of insufficiency of service of process constitutes a "voluntary dismissal" of the lawsuit under La. C.C. art. 3463. We conclude it does not.
Louisiana Code of Civil Procedure article 1671 provides that a judgment dismissing an action without prejudice shall be rendered upon application of the plaintiff and upon his payment of all costs, if made prior to an appearance of record by the defendant. If the application is made after such appearance, a court may refuse to grant the judgment of dismissal except with prejudice. In this case, the Theriots never made a unilateral motion to voluntarily dismiss the original lawsuit. Instead, the original lawsuit was dismissed pursuant to a consent judgment made a judgment of the court sustaining State Farm's declinatory exception raising the objection of insufficiency of service of process.
In Sims , the Louisiana Supreme Court made it clear that La. C.C. art. 3463's provision that interruption of prescription "is considered never to have occurred if the plaintiff...voluntarily dismisses the action at any time..." means that if a plaintiff voluntarily dismisses the suit upon which interruption of prescription is based, that interruption is considered never to have occurred, regardless of whether the first suit is still pending at the time the second suit is filed. Sims , 101 So.3d at 6. Several cases have held that a settlement agreement does not constitute a "voluntary dismissal" of an action by a plaintiff for the purposes of La. C.C. art. 3463. In Pierce v. Foster Wheeler Constructors, Inc. , 2004-0333 (La. App. 1st Cir. 2/16/05), 906 So.2d 605, 610, writ denied, 2005-0567 (La. 4/29/05), 901 So.2d 1071, another panel of *931 this court held that the dismissal of a lawsuit on the basis of a transaction or compromise between the parties did not constitute a "voluntary dismissal" by the plaintiff within the meaning of La. C.C. art. 3463. Instead, this court concluded that the plaintiff did not dismiss the action, but resolved it by transaction or compromise, and the dismissal that was entered into the record simply cleaned up the record and disposed on any incidental matters, allowing it to be closed. Accord Dark v. Marshall, 41,711 (La. App. 2nd Cir. 12/13/06), 945 So.2d 246, 250-51 (stating that the dismissal of a suit with prejudice after both parties have settled cannot be characterized as a voluntary and unqualified dismissal by the plaintiff alone so as to negate a prior interruption of prescription pursuant La. C.C. art. 3463 ).
In an identical situation, another panel of this court held that a consent judgment on an exception of insufficiency of service of process was not a "voluntary dismissal" of the lawsuit for the purpose of La. C.C. art. 3463. In Pullin v. Chauvin, 2017-1292 (La. App. 1st Cir. 3/15/18), 244 So.3d 472, 473-74, 2018 WL 1324459 at *3 the plaintiff filed the first lawsuit against two defendants seeking damages arising from a 2013 accident, but failed to request service of process upon them within ninety days. The defendants were dismissed from the first lawsuit pursuant to a consent judgment granting the defendants' exception of insufficiency of service of process. Thereafter, the plaintiff filed a second lawsuit against the same defendants seeking damages from the 2013 accident. As in this case, the trial court found that the plaintiff voluntarily dismissed her cause of action in the first lawsuit by entering into the consent judgment, and consequently, that lawsuit did not interrupt prescription on the plaintiff's claims against the dismissed defendants.
In Pullin, this court reversed that ruling. This court surveyed the jurisprudence and concluded that a voluntary dismissal under La. C.C.P. art. 1671 requires an affirmative action by the plaintiff seeking dismissal of the suit. This court stressed that the consent judgment merely confirmed that in response to the original lawsuit, the defendants filed an exception of insufficiency of service of process. The plaintiff in Pullin indisputably did not request service of the first lawsuit within ninety days, and absent good cause, the trial court was required to enter judgment involuntarily dismissing the action without prejudice. See La. C.C.P. art. 1672(C) (providing that a judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested within the time prescribed by La. C.C.P. art. 1201(C) unless good cause is shown why the service could not be requested, in which the court may order that service be effected within a specified time). This court further observed that the plaintiff's consent was irrelevant to the defendants' entitlement to a judgment granting the exception and at most, her consent simply confirmed that she had no good cause to not request service, which prevented the trial court from ordering service within a specified time. This court concluded "[l]ike a dismissal after a compromise or settlement, the consent judgment, which the defendants were clearly entitled to, cannot be characterized as a voluntary and unqualified dismissal by the plaintiff alone." Pullin, 244 So.3d at 475-76, 2018 WL 1324459 at *6. Instead of seeking a dismissal of the original lawsuit, the plaintiff simply conceded that the dismissal was legally supported. Therefore, this court held that interruption of prescription continued while the first suit was pending and began to run anew from the day the consent judgment was signed, making the *932 second suit, filed within a year of that date, timely.[2] Id.
In accordance with Pullin , we hold that the dismissal of the original lawsuit pursuant to a consent judgment sustaining a peremptory exception raising the objection of insufficiency of service of process is not a voluntary and unqualified dismissal by the Theriots alone so as to negate the prior interruption of prescription resulting from the timely filed original lawsuit pursuant to La. C.C. art. 3463. In this case, prescription on the Theriots' claims against State Farm was interrupted by the timely filed lawsuit on July 3, 2014, and continued as long as that lawsuit was pending, until November 2, 2016. Thereafter, the one-year prescriptive period began to run anew, making the refiling of the petition on November 7, 2016, timely. See La. C.C. art. 3466 (providing that if prescription is interrupted, the time that has run is not counted; prescription commences to run anew from the last day of interruption); See also Jones v. Department of Transportation and Development, 94-1908 (La. App. 1st Cir. 6/30/95), 659 So.2d 818, 819-20. Accordingly, the trial court erred in sustaining State Farm's peremptory exception raising the objection of prescription, and we reverse that ruling.
CONCLUSION
For the foregoing reasons, the judgment appealed from is reversed, and the matter is remanded to the trial court for proceedings consistent with this opinion. Costs of this appeal are assessed to defendant, State Farm Mutual Automobile Insurance Company.
REVERSED AND REMANDED.

In the refiled petition, the Theriots alleged that the accident occurred on July 15, 2014. There is no dispute in this case that the accident sued upon occurred on July 15, 2013.

In Pullin this court also relied on La. R.S 9:5801 in finding that prescription was interrupted as long as the first lawsuit was pending. Louisiana R.S. 9:5801 provides that interruption is considered never to have occurred as to a defendant who is dismissed from a suit because service of citation was not timely requested and the court finds that the failure to request service of citation was due to bad faith. As in this case, there was no showing in Pullin that the failure to request service of citation was due to bad faith. Because there was no showing of bad faith on the part of the plaintiff this court found in Pullin that the first lawsuit interrupted prescription on the plaintiff's claims against the dismissed defendants. Pullin , 244 So.3d at 475-76, 2018 WL 1324459 at *6 ; See also Williams v. State Farm Mutual Automobile Insurance Company , 2004-2182 (La. App. 4th Cir. 5/18/05), 904 So.2d 782, 785-86.