NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CU 1270

SHANIKA RENA EDMOND

VERSUS

DOMINIQUE MAURICE EDMOND

*DATE OF JUDGMENT:*     MAY 2 9 2024

ON APPEAL FROM THE FAMILY COURT
FOR THE PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA
NUMBER 200342, DIVISION B

HONORABLE ERIKA GREEN, JUDGE

* * * * * *

| | |
|---|---|
| ReAzalia Z. Allen<br>Baton Rouge, Louisiana | Counsel for Plaintiff-Appellant<br>Shanika Edmond |
| Angela F. Lockett<br>Baton Rouge, Louisiana | Counsel for Defendant-Appellee<br>Dominique Edmond |

* * * * * *

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

Disposition: AFFIRMED.

**CHUTZ, J.**

Shanika Edmond appeals a judgment of the Family Court sustaining a peremptory exception filed by Dominique Edmond raising the objections of *res judicata* and no cause of action and dismissing her motion to modify custody. We affirm.

## FACTS AND PROCEDURAL HISTORY

This matter arises from extended litigation between the parties over custody of their minor child, J.E.[1] (born on September 30, 2008). Since Shanika filed her petition for divorce from Dominique in 2015, the ensuing litigation has included stipulated judgments providing for joint custody[2] and related matters, motions for modification of custody, petitions for protection from abuse filed by Shanika, and rules for contempt filed by both parties. Although it appears the Family Court dismissed Shanika's petitions for protection from abuse, at some point, the court issued an order suspending Dominique's "one on one" visitation with J.E.[3] Dominique was allowed, however, to attend and participate in J.E.'s school activities.

On March 9, 2020, the Family Court rendered a judgment recognizing the joint custody of the parties pursuant to a September 2015 stipulated judgment. In the judgment, the Family Court reiterated its prior ruling "that considering all the evidence presented, testimony of the witnesses and the parties, the Court did not find sufficient evidence to issue a Protective Order and on April 19, 2017 dismissed the

---

[1] Pursuant to Rules 5-1(A)(3) and 5-2 of the Uniform Rules, Courts of Appeal, we reference the minor child by initials only. *State in Interest of T.C.*, 22-1284 (La. App. 1st Cir. 2/17/23), 361 So.3d 505, 507 n.1.

[2] A second child was born of the marriage on June 27, 2013, but custody of that child is not at issue in this matter.

[3] Because Shanika designated the appellate record to include only certain pleadings, transcripts, and judgments, our review is limited to those items. Consequently, the record is lacking in some details regarding the extended litigation between the parties.

2

Petition for Protection from Abuse with Orders, *specifically finding that the Court did not find that Dominique ... abused [J.E.].*" (Emphasis added.)

Subsequently, the Family Court held a hearing over the course of several days on various matters, including custody and contempt, after which it took the matter under advisement. On December 2, 2020, the Family Court rendered a judgment ordering the parties to share joint custody of J.E., with no designation of a domiciliary parent, and finding Shanika in contempt. Additionally, on December 17, 2020, the Family Court signed a second judgment, which ordered continued counseling for J.E. for purposes of aiding the process of reunification with Dominigue. The judgment set out a detailed, ten-month reunification plan "based upon two tracks with the 'counseling [track]' being the aggressive track and the 'contact track' being the less aggressive track."

In January 2021, Domique filed a rule for contempt against Shanika. In April 2021, Shanika filed a combined motion for modification of custody, request for a *Watermeier*[4] hearing, and opposition to Dominique's rule for contempt. Therein, she alleged Dominique "present[ed] an environment of sexual abuse, which the minor child may or may not have been subjected to." She acknowledged the Family Court had previously concluded there was insufficient evidence to support the claim of sexual abuse of J.E. by Dominique, but alleged there had been a change of circumstances since the considered custody decrees rendered by the Family Court in December 2020. Specifically, she alleged that as a result of the resumption of visitation with her father, J.E. began to suffer setbacks and experience mental health issues. She alleged J.E.'s pediatrician opined it was not in J.E.'s best interest "to be

---

[4] See *Watermeier v. Watermeier*, 462 So.2d 1272 (La. App. 5th Cir.), writ denied, 464 So.2d 301 (La. 1985). A *Watermeier* hearing is a hearing in chambers, outside the presence of a child's parents, but in the presence of their attorneys, with a record of the hearing to be made by the court reporter, to inquire as to the competency of the child to testify as to custody. *In re D.C.M.*, 13-0085 (La. App. 1st Cir. 6/11/13), 170 So.3d 165, 168 n.9, writ denied, 13-1669 (La. 7/17/13), 118 So.3d 1102.

continuously introduced to ... stimuli [her father] that would trigger her." Shanika requested the Family Court hold a *Watermeier* hearing with J.E. in chambers to elicit candid testimony regarding her preferences for physical custody and to inform the court of her interactions with both parties. Shanika requested sole custody of J.E., with no visitation for Dominique. She further asserted she should not be held in contempt for following the advice of medical professionals regarding the care of her minor child.

On November 16, 2021, a hearing was held on Dominique's January 2021 rule for contempt. On December 8, 2021, the Family Court signed a judgment holding Shanika in contempt, stating her conduct over the course of the proceedings "suggested intentions to alienate [J.E.] from Dominigue." The court further concluded the deposition of [J.E.]'s pediatrician, which was provided to support Shanika's allegation that J.E.'s trauma was correlated to her exposure to Dominique, indicated the pediatrician's opinions were based solely on the limited facts and opinions Shanika provided to her regarding the alleged abuse. Additionally, the court found Shanika's intentional failure to comply with the court's order by "taking J.E. to [medical] professionals of her choice while only providing her own limited views of the facts and circumstances ... have not only alienated the minor child from [Dominique], but have also contributed to the mental health issues of [J.E.] ... and exacerbate[ed] [her] feelings of anxiety towards [Dominique]." The court appointed a new reunification professional to facilitate the continued reunification of J.E. and Dominique.

In March 2022, Shanika filed another petition for protection from abuse on behalf of J.E., naming Dominique as defendant. Following an evidentiary hearing, the Family Court concluded Shanika failed to meet her burden of proving the allegations of the petition and signed a judgment on June 27, 2022, dismissing the petition.

4

Thereafter, Dominigue filed an answer to Shanika's April 2021 motion for modification of custody and request for a *Watermeier* hearing, as well as exceptions of *res judicata* and no cause of action. Dominique alleged *res judicata* was applicable to the issues raised in Shanika's motion to modify custody because those issues had previously been raised and litigated before the Family Court. Additionally, he asserted Shanika's motion to modify custody failed to state a cause of action because it failed to allege facts showing a material change of circumstances or that a modification was in J.E.'s best interest, both essential elements for a modification of custody. Shanika then filed an amended motion to modify custody and request for a *Watermeier* hearing. Therein, she alleged J.E. was admitted to the Tau Cener of Baton Rouge in January 2022 due to suicidal ideations with a defined plan and was later sent to a group home in Arkansas until approximately March 2022. Shanika further alleged several healthcare professionals other than J.E.'s pediatrician "have identified [Dominique] as a trigger to her psychological health based on her own accounts of sexual abuse and trauma."

On October 4, 2022, Shanika's motion to modify custody and request for a *Watermeier* hearing, as well as Dominique's exceptions of *res judicata* and no cause of action, came before the Family Court. At the conclusion of the hearing, the Family Court found the alleged grounds for modification concerning a correlation between J.E.'s mental health issues and the reunification process with Dominique had been previously litigated at a hearing in November 2021 and resolved by the December 8, 2021 judgment holding Shanika in contempt (the December 2021 judgment).[5] Accordingly, the Family Court signed a judgment on October 25, 2022, sustaining both of Dominique's exceptions and dismissing Shanika's motions to

---

[5] The trial court incorrectly referred to the date of the judgment as being November 16, 2021. In fact, although a contempt hearing was held and the matter was taken under advisement on that date, the judgment was not signed until December 8, 2021.

modify custody and requests for a *Watermeier* hearing. Shanika now appeals, raising two assignments of error.

## DISCUSSION

Shanika argues the Family Court erred in sustaining Dominique's exceptions of *res judicata* and no cause of action because custody judgments are always subject to modification given a change in circumstances and, therefore, are never final, which is an essential element for *res judicata*. She argues the Family Court further erred in sustaining the exception of *res judicata* on the basis that issues within her motion to modify had already been litigated and without considering new evidence and diagnoses concerning J.E.'s mental health status. She maintains the issues raised by her motion to modify custody have never been litigated.

The doctrine of *res judicata*, codified in La. R.S. 13:4231, bars relitigation of matters that have previously been litigated and decided, as well as those that have never been litigated but should have been advanced in an earlier suit. *K-Mart Corporation v. Malbrough*, 04-2609 (La. App. 1st Cir. 12/22/05), 928 So.2d 133, 137. The rule governing *res judicata* as set forth in La. R.S. 13:4231 provides:

> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
>
> (3) *A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.*

(Emphasis added.)

Louisiana Revised Statutes 13:4232 provides certain exceptions to the application of *res judicata*. In particular, Section (B) provides that in an action for divorce or

6

incidental matters thereto, including custody, a judgment "has the effect of *res judicata* only as to causes of action *actually adjudicated*." (Emphasis added.)

In Louisiana, *res judicata* encompasses both claim preclusion (*res judicata*) and issue preclusion (collateral estoppel). See La. R.S. 13:4232. Under claim preclusion, the *res judicata* effect of a judgment on the merits precludes the parties from relitigating matters that were or could have been raised in that action. Under issue preclusion/collateral estoppel, however, once a court decides an issue of fact or law necessary to its judgment, that decision precludes relitigation of the same issue in a different cause of action between the same parties. *Global Marketing Solutions, L.L.C. v. Chevron U.S.A. Inc.*, 18-1765 (La. App. 1st Cir. 9/27/19), 286 So.3d 1054, 1061, writ denied, 19-01886 (La. 2/10/20), 437 So.3d 741.

Thus, *res judicata* used in the broad sense has two different aspects: 1) foreclosure of relitigating matters that have never been litigated but should have been advanced in the earlier suit; and 2) foreclosure of relitigating matters that have been previously litigated and decided (issue preclusion/collateral estoppel). It is the second aspect of *res judicata* that is pertinent in this matter. Under La. R.S. 13:4231(3), the three requirements for issue preclusion/collateral estoppel are: (1) a valid and final judgment; (2) identity of the parties; and (3) an issue essential to the prior judgment that has been actually litigated and determined. *Global Marketing Solutions, L.L.C.*, 286 So.3d at 1061. The standard of review of a peremptory exception of *res judicata* requires an appellate court to determine if the lower court's decision is legally correct. *Sutton v. Adams*, 22-01672 (La. 3/7/23), 356 So.3d 1017, 1020 (per curiam).

In this case, Shanika bore a heavy burden of proof in seeking to modify the considered custody judgment rendered by the Family Court in December 2020. Specifically, she was required to prove a change of circumstances had occurred, such that the continuation of the existing custody arrangement would be so deleterious to

7

J.E. as to justify a modification of the custody decree, or to prove by clear and convincing evidence that the harm likely caused by a change of environment was substantially outweighed by its advantages to J.E. *Bergeron v. Bergeron*, 492 So.2d 1193, 1200 (La. 1986); *Morgan v. Morgan*, 23-0945 (La. App. 1st Cir. 4/19/24), ____ So.3d ____, 2024 WL 1694682, at *7.

In her motion to modify custody, Shanika alleged Dominique presented "an environment of sexual abuse." While she admitted the Family Court previously found there had been no sexual abuse by Dominique, she asserted the insufficiency of the evidence of sexual abuse did not "necessarily mean" it did not occur. She maintained "the trauma that has been experienced is very real to [J.E.]." The change in circumstances she asserts is that as a result of this alleged trauma, the physical custody schedule and reunification efforts with Dominique ordered by the December 2020 judgment has been extremely deleterious to J.E.'s mental health. Specifically, she alleged that as a result of the resumption of visitation with Dominique, J.E. began to regress, to fail in school, and her entire disposition changed, leading to diagnoses of depression and anxiety requiring medication. She alleged J.E.'s pediatrician opined it was not in J.E.'s best interest "to be continuously introduced to … stimuli [her father] that would trigger her." Shanika further alleged J.E. was fearful and discomforted by visits with Dominique due to the trauma she had experienced and expressed a desire to self-harm if forced to visit him. Shanika requested the Family Court hold a *Watermeier* hearing with J.E. in chamber to elicit candid testimony from her regarding her preferences for physical custody and to inform the court of her interactions with both parties. Shanika asserted she should be granted sole custody of J.E., with Dominique having no visitation with her.

In his exception of *res judicata*, Dominique asserted the issues raised in Shanika's motion to modify custody and request for *Watermeier* hearing had already been raised, litigated, and heard by the Family Court. At the hearing on Dominique's

8

exceptions, the Family Court agreed.[6] In sustaining the exception of *res judicata*, the Family Court stated:

> Page two of that [motion for] modification says, [J.E.] faced setbacks in school and ha[d] to be evaluated by a therapist based on her assessment of the mental status of [J.E.]. This is all based on ... a medical provider. They even attached an exhibit of [Dr.] Amanda Talbot – I may not be stating it correctly. Her deposition occurred on March 18, 2021, and then she goes on to say that ... being reunified [with Dominique] would trigger [J.E.].
>
> The issue was litigated on through a November 16, 2021 [contempt] judgment.[7] That extinguished it .... The transaction and occurrence of that pleading [Shanika's April 28, 2021 motion to modify custody], i.e. the custody is extinguished as well, which also extinguishes the Watermeier hearing. If you even look in that [December 8, 2021] judgment, the judgment even addresses the issue of [Dr.] Amanda Talbot.
>
> So, I don't see how it could not have resolved that issue and extinguished it if the judgment in itself even addresses [Dr.] Talbot's -- and I can even go to it. I wanted to -- I thought I wrote it. ... [The December 8, 2021 judgment] said ... *"Further, the deposition of Dr. Amanda Talbot provided evidence of Shanika Edmond's self-serving attempts to solidify her position [sic] choices contrary to the judgment of this court."* Even if we go further into that paragraph, the one fact – *"Thus, the court concluded that the deposition was offered to justify Shanika Edmond's noncompliance with the order [sic]."*
>
> Therefore, even if -- the medical provider's conclusion which is the fact that [Shanika is] using to start the case or to have ... an issue before the court is specifically addressed on page two of the [December 8, 2021] judgment.

Based on the record before us, we find no error in the Family Court judgment sustaining Domique's exception of *res judicata*. There is no question the element of an identity of parties is met. Shanika and Dominique are the only two parties in all

---

[6]The burden of proving the facts essential to sustaining an exception of *res judicata* rests on the party raising the objection. *Global Marketing Solutions, L.L.C.*, 286 So.3d at 1061. Dominique did not introduce any evidence in support of his exception of *res judicata*, merely referring to the pertinent prior proceedings held before the Family Court. Nevertheless, each of the prior proceedings forming the basis for *res judicata* were conducted before the Family Court, which could properly take judicial notice of its own proceedings. See *Pullin v. Chauvin*, 17-1292 (La. App. 1st Cir. 3/15/18), 244 So.3d 472, 474 n.1, writ denied, 18-0572 (La. 6/1/18), 243 So.3d 1061; *Pinegar v. Harris*, 06-2489 (La. App. 1st Cir. 5/4/07), 961 So.2d 1246, 1249; *Elliott v. Elliott*, 22-789 (La. App. 3d Cir. 10/18/23), 372 So.3d 447, 450; *Chrysler Credit Corporation v. Henry*, 221 So.2d 529, 534 (La. App. 2d 1969).

[7] As previously noted, Dominique's rule for contempt was heard on November 16, 2021, but the contempt judgment was actually signed on December 8, 2021.

pertinent, prior proceedings. Further, an examination of Shanika's combined motion to modify custody and opposition to Dominique's rule for contempt shows she raised identical issues and relied on identical allegations to show a change of circumstances justifying a modification of custody that she relied on as a defense to the rule for contempt filed against her (*i.e.*, as justification for her noncompliance with the December 2020 custody judgment). Thus, since the issues raised and allegations made in Shanika's motion to modify custody were identical to those raised in her opposition to the rule for contempt, those issues and allegations were the same ones litigated at the November 2021 contempt hearing and resolved by the December 2021 contempt judgment rendered against Shanika. Moreover, the resolution of the issues and allegations raised concerning J.E.'s mental health, particularly the effect the process of reunification with Dominique was having on her mental health, was critical to the disposition of the contempt matter before the Family Court since Shanika raised these issues to justify her noncompliance with the court's December 2020 judgment. Thus, as indicated by the Family Court at the hearing on Domique's exceptions, in rendering the December 2021 contempt judgment against Shanika, the court likewise disposed of the identical issues and allegations raised in Shanika's motion to modify custody.

As to the amended motion to modify custody and request for a *Watermeier* hearing filed by Shanika in September 2022, which added some new allegations and details regarding J.E.'s mental health status, the Family Court held it was improperly filed without leave of court. Additionally, the Family Court further held the matters contained therein were "resolved and extinguished" by the June 2022 judgment dismissing the petition for protection from abuse filed by Shanika on J.E.'s behalf in March 2022. This judgment of dismissal was rendered after an evidentiary hearing held before the Family Court on June 22 and 27, 2022.

10

Because Shanika designated the record pursuant to La. C.C.P. art. 2128, only limited portions of the lower court record are included in the record before us. Shanika did not designate the transcripts of the November 2021 contempt hearing and the June 2022 hearing on her petition for protection from abuse as portions of the appellate record. While an appellant may designate the record pursuant to Article 2128, the inadequacy of the record is imputed to the appellant. A reviewing court must presume the lower court's judgment is correct when a designated record does not enable an adequate review of the matter at issue. *Rover Group, Inc. v. Clark*, 18-1576 (La. App. 1st Cir. 12/12/19), 291 So.3d 699, 707, writ denied, 20-00101 (La. 3/9/20), 294 So.3d 481.

Given the absence of the transcripts of the November 2021 contempt hearing and the June 2022 hearing on Shanika's petition for protection from abuse, we are unable to review Shanika's contention that the issues raised in her motions to modify custody were never fully litigated. Contrary to Shanika's contention, the Family Court stated these issues were previously litigated. Under the circumstances, a presumption of correctness applies to the Family Court's conclusion that the exception of *res judicata* was well-founded because the issues raised in Shanika's motions to modify were raised and litigated at the hearings held on Dominique's rule for contempt and Shanika's petition for protection from abuse and disposed of by the December 8, 2021 contempt judgment and June 27, 2022 judgment of dismissal, respectively. Accordingly, since these judgments are final and there is no question an identity of parties exists in the current and the prior proceedings, all of the elements for issue preclusion/collateral estoppel are present. We find no error in the Family Court's judgment sustaining Dominique's exception of *res judicata* and

11

dismissing Shanika's original and amended motions to modify custody and requests for a *Watermeier* hearing.[8]

## CONCLUSION

For these reasons, the October 25, 2022 judgment of the Family Court is affirmed. Shanika Edmond is to pay all costs of this appeal.

**AFFIRMED.**

---

[8] As indicated by the Family Court, the dismissal of the motions to modify custody on the basis of *res judicata* likewise disposed of Shanika's requests for a *Watermeier* hearing, rendering the requests moot. Additionally, since we find no error in the dismissal of Shanika's claims on an exception of *res judicata*, we pretermit consideration of any issues regarding the Family Court's ruling on the exception of no cause of action.

12